Rosalie Laura **PEACE,** Administratrix of
the Estate of Thomas Malcolm Peace,
deceased, Appellee,

v.

**FIDALGO ISLAND PACKING COMPA-
NY** and George Johnson, Appellants.

**No. 24369.**

United States Court of Appeals
Ninth Circuit.

Dec. 11, 1969.

Thomas J. McKey (argued for Fidal-
go), of Bogle, Gates, Dobrin, Wakefield
& Long, Seattle, Wash., Dexter Wash-
burn (argued for Johnson), of Jones,
Grey, Kehoe, Bayley, Hooper & Olson,
Seattle, Wash., for appellants.

J. Duane Vance (argued), of Vance,
Davies, Roberts & Bettis, Seattle, Wash.,
for appellee.

Before CHAMBERS, CARTER and
KILKENNY, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Rosalie L. Peace, appellee, as the per-
sonal representative of the deceased fish-
erman-seaman, commenced an action in
the district court claiming in one count,
damages for negligence under the Jones
Act, 46 U.S.C. § 688 and for unseaworthi-
ness based on Death On The High Seas
Act, 46 U.S.C. § 761, (hereafter
DOHSA). Demand for a jury trial was
endorsed on the complaint.

The question presented to the district
court and here argued in the briefs, is
whether appellee is entitled to a jury trial
on both of the claims set forth in the com-
plaint.

The district court so held, relying on
Gvirtsman v. Western King Co. Inc.,
(C.D.Calif.1967) 263 F.Supp. 633, which
in a similar situation held a plaintiff was
entitled to a jury trial upon both the
Jones Act claim and the DOHSA claim.
The district court certified the case un-
der 28 U.S.C. § 1292(b) for an interlocu-
tory appeal.

■ There is nothing in the present
rules of Civil Procedure which grants a
trial by jury in an admiralty or maritime
claim. Rule 38(e) F.R.Civ.P., expressly
so provides. But there is nothing in the
Rules which prohibits a trial by jury on
joined civil and admiralty claims. Rule
9(h), F.R.Civ.P., which pertains to iden-
tifying claims, does not modify this re-
sult. See Haskins v. Point Towing Co.,
(3 Cir. 1968) 395 F.2d 737, 743.

■ Appellee's right to a jury trial on
the two claims, one of which is maritime
in nature, rests on case law. Fitzgerald
v. United States Lines, (1963) 374 U.S.
16, 83 S.Ct. 1646, 10 L.Ed.2d 720, held
that claims for negligence under the
Jones Act, unseaworthiness under the
Maritime Law and maintenance and cure

under the Maritime Law should all be tried before the same jury. The Court rendered its decision under its power and responsibility for fashioning procedures involving Maritime Law. The Court pointed out, "While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither the Amendment nor any other provision of the Constitution forbids them." Id. 20, 83 S.Ct. 1650. Although *Fitzgerald* concerned an action for personal injuries and the present action is one for death of the seaman, there is no reason why the *Fitzgerald* rationale should not apply here. As noted above, Gvirtsman v. Western King Co. Inc., supra, is directly in point.

There is no merit to appellants' contention that because the DOHSA, 46 U.S.C. § 761, states that "the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, *in admiralty * * * *"* [Emphasis added], this language precludes the application of the Fitzgerald doctrine. There is no language in the section prohibiting a trial by jury. The language in the DOHSA is different from that used in the Suits in Admiralty Act, 46 U.S.C. §§ 741, 742, which provides in part "*** *** *** any appropriate *nonjury proceeding* in personam may be brought against the United States or against any corporation mentioned in section 741 of this title." [Emphasis added]

Nor are we required to overrule our case of Higa v. Transocean Airlines, (9 Cir. 1955) 230 F.2d 780, pet. for cert. dism. (1956) 352 U.S. 802, 77 S.Ct. 20, 1 L.Ed.2d 37. There the action was commenced on the law side of the district court under the DOHSA and the court held the action could lie only in admiralty. It should have transferred the case to the admiralty side of the court, rather than dismissing. The *Higa* case has been taken care of by the merger of the Civil and Admiralty Rules. See the commentary by the Advisory Committee on Admiralty Rules. Moore's Fed. Practice, Vol. 7A, pages 155, 158–159.

We hold that the appellee is entitled to go to a jury on both the theories set forth in her complaint—negligence under the Jones Act and unseaworthiness under the DOHSA. The judgment is

Affirmed.