Donald TRUEHART, Personal Representative as Administrator of the Estate of Victor A. Truehart and His Heirs, Donald Truehart, Joan Robienczak Truehart, Terri A. Truehart, and Thomas J. Truehart

v.

Peter C. BLANDON, J. Robert Lee III, the M/V Buccaneer, Her Engines, etc., in rem, United States Fidelity and Guaranty Company, the North River Insurance Company, and United States Fire Insurance Company.

Civ. A. No. 87-0708.

United States District Court, E.D. Louisiana.

June 13, 1988.

John R. Martzell, Martzell, Thomas & Bickford, New Orleans, La., for plaintiff.

Ashton R. O'Dwyer Jr., J. Dwight LeBlanc III, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Or-

leans, La., for defendants Blandon and USF & G.

Hugh M. Glenn Jr., Franklin H. Jones III, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, La., for defendants Lee, North River Ins. Co. and U.S. Fire Ins. Co.

### Order and Reasons

CHARLES SCHWARTZ, Jr., District Judge.

At the final pre-trial conference held June 3, 1988, the Court STRUCK plaintiff's jury demand. The Court now gives written reasons for its ruling.

This is Installment Four of the ever-appearing legal issues over Victor Truehart's tragic death. As Judge Wisdom has written, "[t]he time has not yet come when a plaintiff is entitled to a jury in every admiralty action." *Durden v. Exxon Corp.*, 803 F.2d 845, 849 (5th Cir.1986). Because plaintiff has effectively made a Rule 9(h) designation by bringing an *in rem* claim, he is not entitled to a jury trial.

In the pre-trial order, submitted to the Court for the pre-trial conference, defendants assert that plaintiff is not entitled to a jury trial. *See* Pre–Trial Order §§ IV, XIV, at 4, 33. The Court deemed their assertion to be a motion to strike plaintiff's jury demand and granted their motion. *See also* Pre–Trial Order, § XVI, at 33 ("A prompt determination of whether or not this case will be tried to a jury may expedite the disposition of this case.").

### I.

The complaint asserts two bases for federal subject matter jurisdiction. As Paragraph I of the complaint reads:

The jurisdiction of this matter is based on diversity of citizenship of the parties, 28 U.S.C. 1332(a) and on the maritime jurisdiction of the United States, 28 U.S.C. 1333.

Named as defendants *in personam* are Peter C. Blandon; his vessel insurer, United States Fidelity and Guaranty Co. (USF & G); J. Robert Lee III; his homeowner liability insurer, The North River Insurance Co.; and his umbrella, or excess, liability insurer, United States Fire Insurance Co.

Named as defendant *in rem* is Mr. Blandon's vessel, the M/V BUCCANEER. *See also Truehart v. Blandon (Truehart I)*, 672 F.Supp. 929, 930 (E.D.La.1987). The complaint includes a request for a jury trial.

While service of process was never made on the vessel, Mr. Blandon has appeared in the action not only as a defendant *in personam*, but also as the vessel claimant. Specifically, his verified claim reads as follows:

COMES NOW Peter C. Blandon ... and shows that he is the owner of the M/V BUCCANEER, proceeded against herein, and claims the said vessel as owner, praying that he be permitted to defend according to law.

Record Document No. 12 (filed March 26, 1987).

The answer filed by Mr. Blandon and USF & G provides as their eighth defense a prayer for limitation of liability. Specifically, this defense reads as follows:

Peter C. Blandon, as owner of the M/V BUCCANEER, avers that all of the matters pertinent herein were incurred without his privity or knowledge and, therefore, invokes the benefits of the provisions of the Revised States of the United States and more particularly, 46 U.S.C. § 183, *et seq.*, pertaining to limitation of liability of the owners, which serves to limit the liability of Peter C. Blandon to the value of his interests in the M/V BUCCANEER at the conclusion of her voyage, *together with her freight then pending*.

Record Document No. 13, at 5 (filed March 26, 1987). Mr. Blandon and USF & G have apparently abandoned the limitation of liability defense, for nowhere in the Pre–Trial Order is the defense expressly referred to or mentioned or implicitly alluded to. *See* F.R.Civ.P. 16(e) (the pre-trial order "shall control the subsequent course of action").

Section IV of the Pre-Trial Order sets forth the parties' contentions on jurisdiction. Plaintiff asserts the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Defendants, however,

assert that jurisdiction rests solely on admiralty jurisdiction pursuant to 28 U.S.C. § 1333; further, they will not stipulate that $10,000 is in controversy. Section XIV of the Pre–Trial Order reads in part: "The parties disagree as to whether or not this is a jury case (see Section 4)."

## II.

### A.

Jurisdiction in admiralty law is indeed a curious thing. Its peculiarities are well-known to most who read these words; therefore, the Court will forgo a full review of the law and its background. Rather, a few comments appear all that is needed.

First, plaintiff could have chosen to assert jurisdiction based solely upon diversity. It is undisputed that complete diversity exists between plaintiff and all defendants. Defendants' comment to the contrary notwithstanding, the amount in controversy over the undisputed $3500 funeral expense claim and the disputed pre-death pain and suffering and punitive damage claims well exceeds $10,000. Having denied defendants' summary judgment motion to dismiss these latter two claims because of genuine factual disputes, *see* Minute Entry of Sept. 17, 1987, the Court cannot find the judgment value of such claims, if proved, to be below a mere $6500.[1] *See Haley v. Pan American World Airways*, 746 F.2d 311, 317–18 (5th Cir.1984) (affirming award of $15,000 for pre-death mental anguish of no more than four to six seconds); *In re Merry Shipping, Inc.*, 650 F.2d 622 (5th Cir. Unit B 1981) (holding that punitive damages are recoverable under general maritime law upon a showing of wilful and wanton misconduct for death of seaman); *see also Evich v. Morris*, 819 F.2d 256, 258 (9th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987).

Second, like all plaintiffs who can assert alternative bases of jurisdiction under diversity and admiralty, Mr. Truehart had the power to wholly control whether there was a jury. On the one hand, if a complaint asserts diversity as the sole basis of jurisdiction, then the plaintiff is guaranteed a jury. *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1253–54 (5th Cir. 1975) (citing *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines*, 369 U.S. 355, 360, 82 S.Ct. 780, 784, 7 L.Ed.2d 798 (1962)). On the other hand, if his complaint asserts admiralty as the sole basis of jurisdiction or makes an effective Rule 9(h)[2] designation, then he is guaranteed (and must accept) a bench trial. *See* F.R.Civ.P. 38(e); *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2315, at 76 & n. 71 (1971); *cf. Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063 (5th Cir.1981) (there is no right to a jury as to diverse defendants if the sole basis for jurisdiction as to the nondiverse defendant is in admiralty).

Third, an actual arrest of the M/V BUCCANEER is not necessary for plaintiff to perfect *in rem* jurisdiction over the vessel. Mr. Blandon's act of appearing as vessel claimant was alone sufficient to perfect such jurisdiction. *Cactus Pipe & Supply Co. v. M/V MONTMARTRE*, 756 F.2d 1103, 1107–11 (5th Cir.1985); *see Pacific*

---

1. Because the three presently-remaining claims exceed $10,000, the Court need not determine whether the previously dismissed loss-of society claims, *see Truehart I*, 672 F.Supp. 929, or the proposed loss-of-inheritance claims, *see Truehart II*, 684 F.Supp. 1368 (E.D.La.1988), should also be included for calculating the amount in dispute. *Cf.* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3702, at 33 & n. 39, 35 & n. 41 (2d ed. 1985).

2. Rule 9(h) reads as follows:

   A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for these purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principals of Rule 15. The reference in Title 28, U.S.C. § 1293(a)(3), to admiralty cases shall be construed to mean admiralty and maritime claims within the meaning of this subdivision (h).

*Employers Insurance Co. v. M/V GLO-RIA,* 767 F.2d 229, 234 (5th Cir.1985) (vacating an *in rem* judgment where no *in rem* process was ever issued, the vessel was not arrested, and no answer was filed on behalf of the vessel). While in *Cactus Pipe* and *Pacific Employers,* the vessel owners were seeking to avoid *in rem* jurisdiction whereas Mr. Blandon is seeking just the opposite, such a distinction is but one of gossamer; courts ought not to spin ever-changing rules of jurisdiction, and the rules for determining when *in rem* jurisdiction exists ought to remain constant and dependable in order to promote uniformity in maritime affairs.

■ Fourth, when a complaint simultaneously makes a Rule 9(h) designation and demands a jury trial, the jury demand must give way to the Rule 9(h) designation and be stricken. *See Romero,* 515 F.2d 1249. This is true, even if diversity jurisdiction exists as well. *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.,* 702 F.2d 585, 587 (5th Cir.) (per curiam) (citing *Romero*), *cert. denied,* 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983).

■ Fifth, in order to make a Rule 9(h) designation, it is not necessary for the plaintiff explicitly to write "Rule 9(h)" in his complaint; such a designation may be inferred from identifying statements made in the complaint. *Durden v. Exxon Corp.,* 803 F.2d 845, 849 (5th Cir.1986) (citing *T.N.T.,* 702 F.2d at 587–88).

The instant matter appears to come wholly within the holding in *T.N.T.* There, the Fifth Circuit held that the plaintiff had no right to a jury where it sued a dry dock owner *in personam* and a tug *in rem.* In addition to alleging diversity jurisdiction, the complaint in *T.N.T.* included the state-ment, "[t]his is also a suit for breach of a maritime contract and for maritime tort." *Id.* at 587. The court said that by both asserting an *in rem* claim and making the above statement, plaintiff had effectively made a Rule 9(h) designation and thus, not having amended its complaint to delete such designation, was not entitled to a jury trial. *See also Durden,* 803 F.2d at 848–50.

In *T.N.T.,* the relationship between the defendant dry dock owner and the defendant vessel is not made known. While one might argue that Mr. Truehart is still entitled to a jury trial as to defendant Lee (the boat driver) and his two insurers (provided that Mr. Truehart promptly amend his complaint to allege diversity as the sole basis for jurisdiction) on the grounds that these defendants are not vessel owners, who can appear as a vessel claimant and assert a limitation-of-liability defense,[3] the argument is unwarranted, especially in light of no such distinction made in *T.N.T.* Further, Judge Davis' opinion in *Gilmore v. Waterman Steamship Corp.,* 790 F.2d 1244 (5th Cir.1986), appears to reject this very argument. *See id.* at 1246 (finding a 9(h) designation against one defendant, where plaintiff conceded she had no right to a jury against the remaining defendants).

■ Often, a plaintiff's quandary from inattentive jurisdictional pleading is easily remedied. Where a plaintiff has solely brought *in personam* claims, or has brought *in rem* claims that were never perfected, this Court routinely grants him leave, even after a final pre-trial conference, to amend his complaint to delete any Rule 9(h) designations and to assert diversity as the sole basis of jurisdiction.[4] *See*

---

3. Even in cases where a vessel is not sued *in rem,* a vessel owner named as a defendant *in personam* may effectively be entitled to a jury-less trial by properly asserting limitation of liability either as a defense or in a separate injunctive admiralty proceeding. *See generally* 46 U.S.C. § 183 *et seq.*

   From what the Court has learned of this case so far, it wholly concurs in the decision of counsel for Mr. Blandon and USF & G not to pursue their limitation-of-liability defense. As a factual matter, this Court strongly doubts that Mr. Blandon could have established an absence of "privity or knowledge."

4. A sufficient pleading to achieve this result would read something like the following:

   "Jurisdiction over this matter exists pursuant to 28 U.S.C. § 1332, made applicable by the saving-to-suitors clause in 28 U.S.C. § 1333(1). Complete diversity exists between the parties, and the amount in controversy,

F.R.Civ. 15(a) (leave shall be freely given when justice so requires). But the instant case is different, for Mr. Truehart has also asserted an *in rem* claim that has now been perfected. Granted that Mr. Blandon is using his claimant status as a sword in order to fend off plaintiff's jury demand, plaintiff is not freely entitled to dismiss his *in rem* claim at this time.[5] For the policies of Rule 41(a)(2) temper the liberality of pleading amendments under Rule 15. F.R. Civ.P. 41(a)(2) requires court order to dismiss a defendant if that defendant has answered or moved for summary judgment. To quote Professors Wright and Miller, "usually the courts have refused to allow dismissal to avoid a previous waiver of trial by jury." 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364, at 167 & n. 73 (1971) (citing, among other cases, *Mistretta v. S/S OCEAN EVELYN*, 250 F.Supp. 868 (E.D.N.Y.1966) (denying motion to dismiss libel in order that personal injury libelant could obtain a jury trial)); *see also* Annotation, *Waiver of Right to Trial by Jury as Affecting Right to Trial by Jury on Subsequent Trial of Same Case in Federal Court*, 66 A.L.R.Fed. 859, 864–65 (1984). The rule is not harsh; it merely requires a plaintiff to make a Rule 11 reasonable inquiry before bringing an *in rem* claim.

Plaintiff's fatal flaw was in suing the vessel *in rem* and not dismissing that claim before Mr. Blandon appeared as claimant and answered the complaint. Distinctions between law and admiralty, such as the distinction concerning juries, are often merely remnants of historical anomalies. But the cure for these arcane rules lies with Congress and not with this Court.

### B.

The entire discussion in Part II(A) is now largely irrelevant, for at the final pre-trial conference, plaintiff's counsel expressly waived any right to a jury trial. *See* F.R. Civ.P. 38(d). At the conference, the Court originally proposed using an advisory jury in order to avoid the remote possibility that a reviewing authority would determine that a jury trial should have been held. *See* F.R.Civ.P. 39(c). Upon suggesting to plaintiff's counsel that the Court might reconsider plaintiff's motion to amend the complaint to add a claim for loss of inheritance, *see Truehart II*, 684 F.Supp. 1368 (E.D.La. 1988), if there was no advisory jury because the Court could hold the trial open as to this single issue in order to give defendants adequate time to prepare this issue, plaintiff's counsel expressly requested that the Court not use an advisory jury. Defendants' counsel concurring in the request, the Court acquiesced.

### III.

Accordingly, the Court struck plaintiff's jury demand.

---

exclusive of costs and interests, exceeds $10,-000."

**5.** Section V of the Pre-Trial Order, on motions pending or contemplated, does not include any

statement that plaintiff intended to amend his complaint to delete his reference to admiralty jurisdiction and to drop his *in rem* claim. *See Romero*, 515 F.2d at 1252.