Robert ZRNCEVICH, Plaintiff,

v.

BLUE HAWAII ENTERPRISES, INC., *In Personam* and F/V HAIDA, O.N. 605147, her engines, tackle, stores and equipment, *In Rem,* Defendants.

Civ. No. 89–000673 HMF.

United States District Court,
D. Hawaii.

May 25, 1990.

---

Lunsford Dole Phillips, Jay Lawrence Friedheim, Honolulu, Hawaii, for plaintiff.

David Proudfoot, Case & Lynch, Honolulu, Hawaii, for defendants.

ORDER AFFIRMING MAGISTRATE CONKLIN'S ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

FONG, Chief Judge.

## INTRODUCTION

The issue before this court is whether plaintiff has a right to a jury trial where the plaintiff has asserted admiralty and maritime claims *in rem* as well as a claim under the Jones Act, 46 U.S.C.App. § 688.

## BACKGROUND

On September 28, 1989, plaintiff Robert Zrncevich, a seaman, brought this action against defendants Blue Hawaii Enterprises, Inc. ("Blue Hawaii") *in personam* and the vessel F/V Haida, O.N. 605147, her engines, tackle, stores and equipment *in rem*, alleging personal injury aboard ship. Plaintiff accepted a Stipulation of Undertaking in the amount of $150,000 security as the *res* in lieu of arresting the vessel.

Plaintiff had not made an effort to arrest the vessel.

Plaintiff Zrncevich was hired by defendant Blue Hawaii to perform tasks on board ship related to Blue Hawaii's commercial fishing operation. Plaintiff's primary task was the handling of lobster cages. Plaintiff alleges that he received injuries to his hands while working on board ship, with symptoms including pain, tingling, numbness, contractures and loss of strength in his hands. Plaintiff further alleges that defendant Blue Hawaii refused him care for these injuries both on board ship and after plaintiff returned to Honolulu. In his suit, plaintiff alleges negligence, unseaworthiness and maintenance and cure, unpaid wages and breach of contract.

Plaintiff designated his case as filed "In Admiralty." Plaintiff pled "admiralty and maritime claims within the meaning of Federal Rules of Civil Procedure 9(h)" and asserted jurisdiction under 28 U.S.C. § 1333 (federal jurisdiction for admiralty and maritime claims). Plaintiff also asserted federal jurisdiction under the Jones Act, 46 U.S.C.App. § 688, and included a Demand for a Jury Trial "on all issues triable herein."

On January 12, 1990 plaintiff moved for leave to file a first amended complaint to clarify his jurisdictional assertion under the Jones Act. Defendants objected and filed a cross-motion to strike plaintiff's jury demand. Defendants asserted that in spite of the statutory right to a jury trial on the Jones Act claim, plaintiff had no right to a jury trial because plaintiff elected to proceed *in rem* in admiralty. Magistrate Daral G. Conklin denied both motions in his March 6, 1990 order.

The Magistrate found that plaintiff's original complaint properly alleged a claim under the Jones Act and that accordingly, it was unnecessary for plaintiff to amend his complaint. The Magistrate held that the plaintiff has a right to try at least his Jones Act claim, and possibly other claims, to the jury. Accordingly, the Magistrate also denied defendant's motion to strike plaintiff's jury demand.

The parties here appeal from those parts of the Magistrate's order denying their respective motions.

## DISCUSSION

In their Motion to Strike Jury Demand, defendants assert that plaintiff has no right to a jury trial on his Jones Act claim because plaintiff affirmatively asserted admiralty claims and admiralty jurisdiction in his complaint. Plaintiff asserted admiralty and maritime jurisdiction by pleading claims within the meaning of F.R.C.P. 9(h), which states that

A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims.

F.R.C.P. 9(h).

■ Admiralty remedies such as actions for unseaworthiness and maintenance and cure do not ordinarily carry a right to trial by jury. While F.R.C.P. 38 generally preserves the Seventh Amendment right to a jury trial, Rule 38(e) provides that Rule 38 "shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h) ..."

At the same time, the Jones Act specifically allows a seaman to bring his Jones Act claim before a jury. The Jones Act reads in relevant part:

*Recovery for injury to or death of seaman.* Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury.

46 U.S.C.App. § 688. Plaintiff here asserted Jones Act claims and elected trial by jury by including a Demand for a Jury Trial in his pleadings.

Defendants argue that the statutory construction of the Jones Act demands an irrevocable election between an action at law (with a right to trial by jury) or in admiralty (without a jury trial). Defendants argue that plaintiff has elected to place his case in admiralty by (1) designating his claim in admiralty, and (2) utilizing remedies *in rem.* Defendants assert that plaintiff secured his claims *in rem* by naming the vessel as a defendant *in rem* and by accepting a stipulation of undertaking substituted as the *res* in lieu of the arrest of the vessel.

Plaintiff argues that his right to a jury trial under the Jones Act is statutorily guaranteed by his Demand for Jury Trial in his pleadings, and is not precluded or waived in any way by his assertion of admiralty claims.

This court must resolve two issues: (1) whether a plaintiff who has asserted claims in admiralty along with his Jones Act claim has a right to bring all his claims in admiralty and the Jones Act before a jury or (2) whether proceeding *in rem* precludes the plaintiff from bringing *any* claim before the jury.

### Right to a Jury Trial For Joined Claims

■ The Jones Act gives seamen a statutory right to a jury trial for claims of personal injury. 46 U.S.C.App. § 688. However, bringing a Jones Act claim does not preclude a seaman from also asserting the traditional admiralty claims of unseaworthiness and maintenance and cure. *Haskins v. Point Towing Co.,* 395 F.2d 737, 742 (3d Cir.1968). It is a common practice for district courts to grant jury trials to plaintiffs who join their Jones Act, unseaworthiness, and maintenance and cure claims in one complaint, when all claims arise out of a single transaction or occurrence. *Fitzgerald v. United States Lines Co.,* 374 U.S. 16, 18, 83 S.Ct. 1646, 1649, 10 L.Ed.2d 720 (1963). Accordingly, hybrid actions consisting of both law claims (such as Jones Act claims) and admiralty claims abound.

Courts have struggled to find the best procedural tack to take when traditional admiralty and law claims are consolidated. In *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3

L.Ed.2d 368 (1959), the Supreme Court held that the district court has pendent jurisdiction over unseaworthiness and maintenance and cure claims when joined with a Jones Act claim. However, the Court left unanswered the question whether all three claims could be submitted to the jury. This question, however, was addressed by the Second Circuit later that year, which held that maritime claims joined with Jones Act claims may be tried before the jury. *Bartholomew v. Universe Tankships, Inc.*, 263 F.2d 437 (2d Cir.1959). The *Bartholomew* court discussed at length the legal and legislative history enabling joined Jones Act and maritime claims, and discussed the problems of evidence, *res judicata*, and judicial economy that would arise if the plaintiff were required to split claims so factually intertwined and of "fundamental singleness." *Bartholomew* 263 F.2d at 444–446.

The *Bartholomew* court's decision foreshadowed the Supreme Court's decision in the seminal *Fitzgerald* case. *Fitzgerald*, 374 U.S. 16, 83 S.Ct. 1646. In *Fitzgerald*, a seaman brought an action against a shipowner for damages stemming from an alleged shipboard injury. *Id.* at 17, 83 S.Ct. at 1648. The seaman brought claims under the Jones Act, as well as actions for unseaworthiness and for maintenance and cure, and demanded a jury trial for all issues growing out of the single accident. *Id.* In holding that a traditional maritime maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts, the court reasoned that:

> [r]equiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estoppel, and can easily result in too much or too little recovery.

*Id.* at 18–19, 83 S.Ct. at 1649. The Court stated the principle, "Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments." *Id.* at 21, 83 S.Ct. at 1650.

The Court further stated that

> "since Congress in the Jones Act has declared that the negligence part of the claim shall be tried by a jury, we would not be free, even if we wished, to require submission of all the claims to the judge alone."

*Id.*

Since *Fitzgerald* was decided, the majority of courts have held that traditional admiralty and maritime claims can be joined with claims having an independent basis of federal jurisdiction and brought together before the jury. In *Peace v. Fidalgo Island Packing Co.*, 419 F.2d 371 (9th Cir. 1969), the personal representative of a deceased seaman brought a claim for damages for negligence under the Jones Act and a claim for unseaworthiness under the Death On The High Seas Act, 46 U.S.C. App. § 761 et seq. Citing *Fitzgerald*, the Court of Appeals for the Ninth Circuit allowed plaintiff to join both claims and bring them before the jury. The appellate court held, "there is nothing in the Rules [of Civil Procedure] which prohibits a trial by jury on joined civil and admiralty claims." *Peace*, 419 F.2d at 371.

An appellate panel for the Ninth Circuit similarly held in *Owens–Illinois, Inc. v. U.S. District Court*, 698 F.2d 967 (9th Cir. 1983) that a jury trial is required where admiralty claims are joined with civil claims and common issues of fact are involved. The court would not allow defendant's right to a jury trial under diversity jurisdiction to be precluded by plaintiff's assertion of admiralty jurisdiction, since "when admiralty claims are joined with civil claims and the issues cannot be segregated for separate trial, a jury trial if timely demanded is required." *Id.* at 972.

Defendant cites *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553 (9th Cir.1987), as supporting the proposition that plaintiff must elect to proceed either in admiralty or at law when plaintiff joins his maritime and admiralty claims with a Jones Act claim. The *Trentacosta* plaintiff, however, did not properly invoke admiralty jur-

isdiction for his maritime claims in his amended complaint. *Id.* at 1555. In fact, the appellate court noted that if plaintiff amended his complaint to invoke admiralty jurisdiction, those claims *could* be joined with his Jones Act claim and all tried before a jury. *Id.* at 1561 n. 6.

It is the common rule in several districts that a seaman may bring unseaworthiness and maintenance and cure counts before the jury if joined with civil claims with independent federal jurisdictional basis, especially if the claims have arisen out of the same transaction or occurrence. *Duhon v. Koch Exploration Co.,* 628 F.Supp. 925 (W.D.La.1986) (plaintiff's maritime claims may be joined with his Jones Act claim and tried to the jury and the maritime claims may still be governed according to the traditional rules of practice in admiralty); *Woosley v. Mike Hooks, Inc.,* 603 F.Supp. 1190 (W.D.La.1985) (purely maritime claims "can and should" be tried to the jury when the Jones Act and maritime claims all arise out of the same transaction or occurrence); *Morrison v. United States Lines, Inc.,* 1983 A.M.C. 1769 (S.D.N.Y.1983) (plaintiff seaman who withdrew his Jones Act claim no longer entitled to a jury trial on his maritime claim); *Red Star Towing & Transportation Co. v. the Cargo Ship "Ming Giant",* 552 F.Supp. 367 (S.D.N.Y. 1982) (a litigant in admiralty is not entitled as a matter of right to a non-jury trial; claims may be joined and tried before the jury); *Drakatos v. R.B. Denison, Inc.,* 493 F.Supp. 942 (D.Conn.1980) (admiralty claims may be tried to the jury when linked to a civil claim with an independent basis for federal jurisdiction); *Rok v. Continental Seafoods, Inc.,* 462 F.Supp. 894 (S.D. Ala.1978) (where jurisdiction in a seaman's action for personal injury was based, in part, on diversity of citizenship, plaintiff was entitled to trial by jury on both law claims and general maritime claims); *Mattes v. National Hellenic American Line, S.A.,* 427 F.Supp. 619 (S.D.N.Y.1977) (where general maritime claims arise out of the same transaction as Jones Act claim, both may be tried to the jury although there is no diversity).

Accordingly, plaintiff is entitled to demand a jury trial on his joined Jones Act and admiralty and maritime claims.

### In Rem Proceedings

█ Although bringing hybrid law and admiralty claims before the jury is common, courts are divided on how to proceed in hybrid actions when traditional admiralty actions have been invoked, such as *in rem* proceedings, or when a Rule 9(h) election to proceed in admiralty has been made.[1]

Defendants in the instant case assert that either of these actions by a plaintiff affirmatively determines the election to proceed in admiralty, traditionally without the right to a jury trial. Defendants assert that plaintiff here has forfeited his ability to try any of his claims to the jury by positively asserting Rule 9(h) admiralty jurisdiction and proceeding *in rem.* Defendants rely on *T.N.T. Marine Service Inc. v. Weaver Shipyards and Dry Docks, Inc.,* 702 F.2d 585, 587–88 (5th Cir.), *cert. den.* 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983) (*in rem* claims are cognizable only in admiralty notwithstanding allegations of diversity jurisdiction), *Romero v. Bethlehem Steel Corporation,* 515 F.2d 1249 (5th Cir.1975) (plaintiff not entitled to jury trial under diversity jurisdiction where he refused to withdraw 9(h) designation) and *Truehart v. Blandon,* 685 F.Supp. 956 (E.D.La.1988) (complaint and proceeding *in rem* designates plaintiff's claim as one in admiralty and disallows jury demand asserted under diversity jurisdiction). However, the *T.N.T., Romero,* and *Truehart* plaintiffs did not allege Jones Act claims. The Court in *Fitzgerald* specifically held that because of plaintiff's statutory right to a jury on the Jones Act claim, the Court is not free to take the joined claims away from the jury and try the case to the bench. *Fitzgerald,* 374 U.S. at 21, 83 S.Ct. at 165.

**1.** Several commentators have noted the lack of settled law on this point. *See, The Jury on the Quarterdeck: The Effect of Pleading Admiralty Jurisdiction When a Proceeding Turns Hybrid,* 63 Texas L.Rev. 533, 548 (1984); *Admiralty Practice After Unification: Barnacles on the Procedural Hull,* 81 Yale L.J. 1154, 1164 (1972); 1B Benedict on Admiralty § 2 1–15 (1989).

Defendants also rely upon *Plamals v. the Pinar Del Rio*, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827 (1927) which held that seamen may invoke remedies at law under the Jones Act or remedies in admiralty, but not both. In *Fernandes v. United Fruit Co.*, 303 F.Supp. 681 (D.Md.1969), the district court followed *Plamals* in holding that plaintiff cannot utilize *in rem* proceedings when joining maritime and admiralty claims with Jones Act claims but must elect to place the whole case in either law or admiralty.

In contrast, several courts have held that the spirit of the Supreme Court's holding in *Fitzgerald* is best followed by allowing the plaintiff to bring the entire case to the jury regardless of the manner of assertion of claims in admiralty.

In *Haskins v. Point Towing Co.*, 395 F.2d 737 (3d Cir.1968), the plaintiff seaman brought an action seeking recovery for personal injuries and asserted claims both *in rem* and *in personam*. *Id.* at 738. Notwithstanding the use of *in rem* proceedings, the *Haskins* court held that *Fitzgerald* gives a plaintiff, who demands a jury trial for his Jones Act claim, a right to join with it his claims under maritime law for unseaworthiness and maintenance and cure, and try them all before the jury. *Id.* at 743. The *Haskins* court stated further that *Fitzgerald* did not characterize the maritime claims as brought in law with the Jones Act claim, but specifically created a right to trial by jury for admiralty claims joined with a Jones Act claim. *Id.* at 741. The *Haskins* court also stated that the plaintiff should not have to bring the maritime claims at law just to secure the right to the jury trial:

> To require this would compel him to lose the advantages which inhere in the characteristic admiralty claims, such as *in rem* process, interlocutory appeals, admiralty attachment ... There is no reason to make relinquishment of the procedural advantages of these inherent admiralty claims for unseaworthiness and maintenance and cure the price for a jury trial.

*Id.* Although it did not mention *in rem* proceedings, the *Fitzgerald* opinion was not inapposite to the idea that maritime claims "may on occasion call for application of slightly different principles and procedures." *Fitzgerald, supra*, 374 U.S. at 18, 83 S.Ct. at 1649.

Similarly, in *Durden v. Exxon Corp.*, 803 F.2d 845 (5th Cir.1986), plaintiff brought claims *in personam* and *in rem*. The court dismissed the plaintiff's Jones Act claim but noted that if it had not done so, *Fitzgerald* would have allowed plaintiff to bring maritime and admiralty claims to the jury along with his Jones Act claims. *Id.* at 848.

Neither is the Rule 9(h) assertion fatal to jury trial. In *Parfait v. Central Towing, Inc.*, 1979 A.M.C. 2485 (E.D.La.1978), the court allowed the plaintiff to bring his maritime claims together with his Jones Act claim to the jury, even though plaintiff designated his unseaworthiness and maintenance and cure claims as admiralty claims pursuant to Rule 9(h) and also initiated an *in rem* seizure of the defendant's boat. The court held that it was "more consonant with the spirit of *Fitzgerald* to allow a jury trial for all claims of a Jones Act plaintiff when he sues only his employer notwithstanding a 9(h) designation and the use of admiralty procedures." *Id.* at 2489.

These latter cases are more in keeping with the spirit of *Fitzgerald* and its progeny where a Jones Act plaintiff brings a hybrid cause of action. The reasoning of the *Fitzgerald* Court in joining the claims before the jury centers on judicial economy, especially on the logistical and fairness problems which would be created by trying one case before two triers of fact. *Fitzgerald*, 374 U.S. at 19, 83 S.Ct. at 1649. The Court describes in particular the potential problems in the determination of damages by two triers of fact. *Id.* The Court also reasons that it is important to avoid the problems of *res judicata* and collateral estoppel created when what is essentially one lawsuit is split. *Id.*

Importantly, *Fitzgerald* emphasizes that there is no explicit prohibition against jury trials for admiralty claims:

> While this Court has held that the Seventh Amendment does not require jury

trials in admiralty cases, neither that amendment nor any other provision of the Constitution forbids them. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases.

*Id.* at 20, 83 S.Ct. at 1650. (Footnotes omitted).

The Ninth Circuit agreed that there is nothing to prohibit a jury trial on joined admiralty and Jones Act claims. In a cause of action brought by the widow of a deceased seaman under the Jones Act and the Death On the High Seas Act, the court held that

> [t]here is nothing in the present rules of Civil Procedure which grants a trial by jury in an admiralty or maritime claim ... But there is nothing in the Rules which prohibits a trial by jury on joined civil and admiralty claims. Rule 9(h) ... which pertains to identifying claims, does not modify this result.

*Peace v. Fidalgo, supra,* at 371.

There is nothing inherently incongruous about bringing an *in rem* and an *in personam* claim together before the jury when the claims arise out of a single occurrence. *Continental Grain Co. v. Barge FBL–585,* 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960), concerned the § 1404 transfer of a federal case in which plaintiff had brought both an *in rem* action against a ship and an *in personam* action against the owner, stemming from the same occurrence and issues. The Court held that while the *in rem* and *in personam* claims were two methods invoked to bring the owner into court, the substance of what had to be done to adjudicate the rights of the parties in an *in rem* and an *in personam* claim was not different at all. *Continental Grain* at 26, 80 S.Ct. at 1474.

The majority of cases, including *Fitzgerald,* which hold that the plaintiff is entitled to bring joined maritime and civil claims before the jury, generally do not address the procedural steps taken by plaintiff in asserting the admiralty claims. Most cases allowing the joined claims do not describe whether the plaintiff simply stated admiralty claims, made a specific Rule 9(h) elec-

tion, or initiated proceedings *in rem. Fitzgerald* does not indicate that it was intended to apply only to admiralty claims asserted informally, where no Rule 9(h) election or *in rem* assertions were made. These actions would not lessen the concerns enumerated by the *Fitzgerald* Court for judicial economy and the fairness problems when a single case is split and tried to two triers of fact. Neither can such actions reasonably be construed to indicate that a plaintiff elects to waive his statutory right to a jury trial under the Jones Act, when a demand for a jury trial is properly included in the complaint.

Therefore, allowing the plaintiff to join his Jones Act claim and maritime claims before the jury serves the principles of judicial economy and fairness that result from bringing the joined claims before a single trier of fact when the claims arise out of a single transaction or occurrence. The Jones Act guarantees the plaintiff a jury trial if timely elected, and there is no prohibition against a jury trial for the admiralty claims. Therefore, at the election of the plaintiff the one trier of fact will be the jury.

## CONCLUSION

The Jones Act gives plaintiff a right to a trial by jury if plaintiff so elects. Plaintiff here asserted the Jones Act and demanded a jury trial. *Fitzgerald* holds that the seaman can join the traditional admiralty claims for unseaworthiness, maintenance and cure with Jones Act claims before the jury. This court now finds that this right to a jury trial is not precluded even if plaintiff has made a specific assertion of admiralty claims and utilized proceedings *in rem.*

Accordingly, defendants' appeal from the Magistrate's order is DENIED. As it is unnecessary for plaintiff to amend his complaint to maintain his right to a jury trial, plaintiff's appeal from the Magistrate's order is also DENIED.

IT IS SO ORDERED.