June 6th, 2001.

Julia GONZALEZ, et al., Plaintiffs,

v.

**M/V DESTINY PANAMA,**
**et al., Defendants.**

No. 00–1690–CIV.

United States District Court,
S.D. Florida,
Miami Division.

June 19, 2001.

David H. Pollack, Miami, FL, John Heyward Hickey, Hickey and Jones, Miami, FL, Philip Dixon Parrish, Russo Appellate Firm, Miami, FL, for plaintiffs.

Jan Michael Kuylenstierna, Edward Joy Briscoe, Fowler White Burnett Hurley Banick & Strickroot, Miami, FL, for defendants.

### ORDER

JORDAN, District Judge.

As set forth below, the defendants' motion to strike the plaintiffs' jury demand [D.E. 40] is DENIED.

The defendants maintain that the plaintiffs' jury demand must give way because the plaintiffs have elected to proceed under Rule 9(h) of the Federal Rules of Civil Procedure and the Court's admiralty jurisdiction. The plaintiffs respond by arguing that they are entitled to a jury trial by virtue of their Jones Act claim, and alternatively move for leave to amend their complaint to delete the

Rule 9(h) election and add a statement expressly invoking federal question jurisdiction, *see* 28 U.S.C. § 1331, under their Jones Act claim, *see* 46 U.S.C. § 688. The inquiry begins with a look at the language of Rule 9(h):

> **Admiralty and Maritime Claims.** A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rule 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. A case that includes an admiralty or maritime claim within this subdivision is an admiralty case within 28 U.S.C. § 1292(a)(3).

Fed. R. Civ. P. 9(h).

The first question is whether the plaintiffs' case is cognizable only in admiralty or whether another basis for jurisdiction exists. Although not a model of clarity, I conclude that the plaintiffs' amended complaint sufficiently invokes federal question jurisdiction by virtue of their Jones Act claim. *See* Amended Complaint and Demand for Jury Trial ¶¶ 17–24 [D.E. 8] (May 17, 2000); *Woodard v. Diamond Offshore Drilling, Inc.*, 2000 WL 19482, at *3 (E.D.La.2000) (holding that although the plaintiff did not cite to 28 U.S.C. § 1332 as an alternative basis of jurisdiction to admiralty, the allegation of the citizenship of the defendants was sufficient to invoke diversity jurisdiction). *Cf. Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 667 (7th Cir.1998) ("[T]he absence of a demand for a jury trial suggests that a plaintiff with an admiralty claim intends to proceed under admiralty jurisdiction, whereas the inclusion of such a demand suggests that the plaintiff intends to proceed at law.").

The next question is whether or not a Rule 9(h) election was made, and a cursory reading of the complaint clearly indicates that

such an election was in fact made. *See id.* ¶ 2. Under the current state of the pleadings, the jury demand cannot stand. *See Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1253–54 (5th Cir.1975) (holding that a Rule 9(h) designation to proceed in admiralty precludes a plaintiff's right to a jury trial even though an alternative basis of jurisdiction exists); *Sanders v. Seal Fleet, Inc.*, 998 F.Supp. 729, 734 (E.D.Tex.1998) ("A Jones Act claim may be brought as an action 'at law' or it may be brought under the admiralty jurisdiction of the court. It is the seaman's choice as to how the action will be brought. If he sues on the common law side of the court's jurisdiction, he has the right to a trial by jury. However, that right is unavailable under the court's admiralty jurisdiction."). *See also* 9 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2315 (2d ed. 1995) ("If jurisdiction alternatively can be based on federal question, or on diversity and the necessary jurisdictional amount, either party may demand a jury trial, unless the plaintiff has chosen to identify the claim as an admiralty or a maritime claim, as permitted by Rule 9(h). If the plaintiff exercises that option, ordinarily there will be no jury trial.").

■ While the complaint is technically inconsistent by virtue of making the Rule 9(h) election and demanding a jury trial, striking the plaintiffs' request for a jury is not warranted. *See Goldsby v. Celotex Corp.*, 591 F.Supp. 615, 618 (W.D.Mo.1984) (noting that the plaintiff's attempt to demand a jury trial is inconsistent with invocation of admiralty and maritime jurisdiction and Rule 9(h) election, but that the plaintiff would be given leave to amend her complaint to strike the 9(h) designation). It is clear that the identification of a claim under Rule 9(h), or the failure to identify a claim under Rule 9(h), is not an irrevocable election. *See T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 588 (5th Cir. 1983) ("[T]he plaintiff elected to bring suit under admiralty jurisdiction, and cannot now complain about his right to a jury. Rule 9(h) is not a harsh rule, for its third sentence expressly provides that the liberal procedures for amending complaints found in Rule 15 apply to identifying statements. In this instance, the plaintiff chose not to amend its complaint [to clarify that it was not proceeding under the court's admiralty jurisdiction], and it is not entitled to a second trial."); *Doucet v. Wheless Drilling Co.*, 467 F.2d 336, 339 (5th Cir.1972) (noting that a Rule 9(h) election is not irrevocable); *Duhon v. Koch Exploration Co.*, 628 F.Supp. 925, 928 (W.D.La.1986) ("[T]he plaintiff's original choice of the admiralty side was not an irrevocable election."); *Rachal v. Ingram Corporation*, 600 F.Supp. 406, 407–08 (W.D.La. 1984) ("[I]t is undisputable that a Rule 9(h) election, whether to proceed in admiralty without a jury or at law with a jury, is not irrevocable."); *Anderson v. American Oil Company of Baltimore*, 60 F.R.D. 676, 678 (S.D.Ga.1973) ("[R]esort to Rule 9(h) is not a point of no return for a plaintiff. 'The pleader's identification of his claim as an admiralty or maritime claim or his failure to do so is not an irrevocable election.' "). The plain language of Rule 9(h) states that "[t]he amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15." FED. R. CIV. P. 9(h). *See also* FED. R. CIV. P. 9, Advisory Committee Notes, 1966 Amendment ("The choice made by the pleader in identifying or in failing to identify his claim as an admiralty or maritime claim is not an irrevocable election.").

■ In requesting leave to amend, the plaintiffs propose to delete the reference to Rule 9(h) and also to add statement to expressly invoking federal question jurisdiction as an alternative basis for jurisdiction. *See* Plaintiff's Response to Defendants' Motion to Strike Plaintiffs' Demand for Jury Trial and Motion for Leave to Amend by Interlineation at 8 [D.E. 55] (Aug. 11, 2000). The defendants' response to this argument is that amending the complaint should not have an effect on the jury demand because the *in rem* claim against the M/V Destiny has been perfected. *See* Motion to Strike Demand for Jury Trial at 5; Reply in Support of Motion to Strike Demand for Jury Trial at 3 n. 2. In a nutshell, they claim prejudice.

■ The defendants cite to *Truehart v. Blandon*, 685 F.Supp. 956, 959–60 (E.D.La.

1988), in support of their argument that the jury demand should be stricken despite the proposed amendments. However, their reliance on *Truehart* is unavailing. First, the court in *Truehart* expressly stated that its discussion on granting leave to amend is "largely irrelevant, for at the pre-trial conference, plaintiff's counsel expressly waived any right to a jury trial." *Id.* at 960. Second, the suggestion in *Truehart*— that leave to amend to delete a Rule 9(h) designation should be denied once an *in rem* action has been perfected— suggests a bright line approach which is contrary to both the language and spirit of Rule 15. *See* FED. R. CIV. P. 15(a) (leave to amend "shall be freely given when justice so requires"). Under the defendants' suggested approach, amendments would effectively be restricted to the very early stages of litigation. Justice will not be served by striking the plaintiffs' jury demand simply because the *in rem* action has been perfected. The inclusion of an *in rem* claim in the same complaint with diversity or federal question claims does not preclude the right to have the entire case tried to a jury. Although *in rem* actions fall within the exclusive admiralty jurisdiction of the federal courts, *see Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063, 1065 n. 3 (5th Cir. Unit A 1981), such actions can be tried to a jury if joined by a Jones Act claim. *See Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1056 (9th Cir.1997) (holding that "the assertion of an *in rem* claim in the same complaint with the diversity claims [does not] preclude the right to [a] jury trial"); *Haskins v. Point Towing Co.*, 395 F.2d 737, 741 (3d Cir.1968) ("[T]he right to jury trial on admiralty claims joined with a Jones Act claim stems not from the merger of the civil and admiralty rules, but from a court-created right to trial by jury in such cases in the interest of the administration of justice."); *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1213 (5th Cir.1986) ("When non-jury admiralty claims are joined in the same action, they are treated as pendent to the Jones Act claim, and are tried together for convenience."). Hence, the plaintiffs gained no appreciable advantage that would not have been available to them had the complaint been technically correct in the first instance. *See Zrncevich v. Blue Hawaii Enterprises, Inc.*, 738 F.Supp. 350, 356 (D.Haw.1990) (holding that a Jones Act plaintiff can have his case tried to a jury even if he has made "a specific assertion of admiralty claims and utilized proceedings *in rem* ").

Unlike the facts of this case, leave to amend has been denied in cases where some tactical advantage had been taken by the plaintiff in proceeding under admiralty jurisdiction at the expense of the defendant. *See Brotherhood Shipping Co. v. St. Paul Fire & Marine Insurance Co.*, 985 F.2d 323, 326 (7th Cir.1993) (noting that a plaintiff should not be permitted to withdraw a Rule 9(h) election after taking advantage of an interlocutory appeal available in admiralty under 28 U.S.C. § 1292(a)(3)); *Foulk v. Donjon Marine Company*, 182 F.R.D. 465, 474 n. 7 (D.N.J.1998) ("Once the plaintiffs have invoked the admiralty jurisdiction to take advantage of the interlocutory appeal of § 1292(a)(3), this choice is irrevocable for that claim and it would clearly prejudice the other side to allow any such revocation."). In light of the fact that the demand for a jury trial was made in both the initial complaint and the amended complaint, *see* Complaint and Demand for Jury Trial at 16 [D.E. 1] (May 12, 2000); Amended Complaint and Demand for Jury Trial at 17, the defendants "will not suffer any prejudice since the same proof and witnesses will be required regardless. of the mode of trial." *Rachal v. Ingram Corp.*, 600 F.Supp. 406, 407 (E.D.La.1984).

The plaintiffs' motion for leave to amend [D.E. 55] is GRANTED. *See Zrncevich*, 738 F.Supp. at 356. *See also Conti v. Sanko Steamship Company*, 912 F.2d 816, 818 (5th Cir.1990) (granting plaintiff's motion for leave to amend so that jury trial was available under diversity); *Subaru Distributors Corp. v. General Ship Corp.*, 167 F.R.D. 342, 344 (D.Mass.1996) (same). However, the request for leave to amend by interlineation is DENIED. The plaintiffs shall file an amended complaint with their proposed changes by June 30, 2001.

The defendants' motion for clarification of the May 31, 2001, order resetting the schedule [D.E. 92] is DENIED AS MOOT.