Dorothy **MUIRHEAD**, as Personal Representative of the Estate of Ronald C. Waters, Plaintiff,

v.

**PACIFIC INLAND NAVIGATION, INC., Defendant.**

No. 809–72C2.

United States District Court, W. D. Washington.

June 27, 1974.

Gerald L. Bangs, Bangs & Castle, Seattle, Wash., for plaintiff.

Robert V. Holland, Bogle, Gates, Dobrin, Wakefield & Long, Seattle, Wash., for defendant.

BEEKS, District Judge.

Plaintiff, as personal representative of the estate of her deceased son, Ronald C. Waters, instituted this action to recover damages upon her own behalf, and upon behalf of five adult sisters and one adult brother of decedent, and on behalf of decedent's estate. The claims are grounded on the Death on the High Seas by Wrong Act (DOHSA),[1] as supplemented by the general maritime remedy, first articulated in *Moragne*.[2]

■ The court has heretofore determined that defendant is liable for such damages as are provable and recoverable as a result of the death, and this opinion deals only with the question of damages. The brother and sisters must prove dependency as well as pecuniary loss to recover. They have failed as to both. Accordingly, the claims for damages on their behalf are dismissed.

■ Plaintiff also has failed to establish that she, as the mother of decedent, sustained pecuniary loss. She has, however, established allowable non-pecuniary damage. I allow her $10,000.00 for loss of society, including love, affection and companionship. I also award funeral expenses in the amount of $1,600.00.[3]

The only question remaining is whether the estate can recover for future economic loss. DOHSA does not provide for recovery of survival damages such as pain and suffering and future economic

---

1. 46 U.S.C. § 761 et seq.

2. Moragne v. States Marine Lines, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970) [hereinafter cited as *Moragne*].

3. See generally Sea-Land Services v. Gaudet, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974) [hereinafter cited as *Gaudet*].

loss. DOHSA has been augmented, however, by state survival statutes in the Third and Fourth Circuits. The Third Circuit applied the Pennsylvania Survival Act to allow recovery of such damages by the estates of two girls who lost their lives in an airplane crash on the high seas.[4] The court resorted to a state statute because of: (1) the absence of any congressional intent in the wording or legislative history of DOHSA to exclude such recovery, and (2) the promotion of a uniform policy of recovery for death on land and sea.

A similar result was reached by the Fourth Circuit in a death resulting from a collision between two vessels on the high seas,[5] the court relying on the survival statute of Delaware.

The Fifth and Eighth Circuits have held that the general maritime law, as expounded in *Moragne,* encompasses a survival remedy independent of state law.[6] The Fifth Circuit, in allowing recovery for pain and suffering, a survival damage, noted that before *Moragne* damages of this kind were recoverable under state statutes for death occurring on state territorial waters, and that it is anomalous to abrogate a pre-*Moragne* remedy when there is no contrary federal maritime policy.[7]

*Moragne* ". . . left the shaping of the new nonstatutory action to future cases."[8] *Gaudet* supplied a partial solution. In the further fashioning of maritime death remedies, *Moragne* dictates two guiding principles: (1) The ". . . recognition of a right to recover for wrongful death under general maritime law will assure uniform vindication of federal policies, removing the tensions and discrepancies that have resulted from the necessity to accommodate state remedial statutes to exclusively maritime substantive concepts (citations omitted)."[9] (2) ". . . [I]t better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it by established and inflexible rules."[10]

In discharging this duty, I find the methodology employed by the Fifth and Eighth Circuits persuasive.[11] Uniformity of death remedies available in courts of admiralty for causes of action which survive death is equally as important as uniformity in respect to causes of action which come into being at the time of death. Prior to *Moragne,* an estate's future economic loss would have been an allowable item of damage in an action for a tortious non-Jones Act death occurring on Washington territorial waters.[12] The teachings of *Moragne* and *Gaudet* countenance the recognition of the right to recover such damage.

The proof in this case is far from satisfactory. I am unable to accept the opinion of plaintiff's economist, there being no proof as to many of the facts assumed by him in reaching his conclu-

4. Dugas v. National Aircraft Corp., 438 F.2d 1386 (3rd Cir., 1971).

5. United States v. Texas Co., 272 F.2d 711 (4th Cir., 1959) aff'g and adopting District Court opinion (sub. nom. United States v. The S. S. WASHINGTON) 172 F.Supp. 905 (E.D.Va., 1959).

6. Dennis v. Central Gulf S. S. Corp., 453 F. 2d 137 (5th Cir., 1972); Spiller v. Thomas M. Lowe, Jr., and Associates, 466 F.2d 903 (8th Cir., 1972).

7. Dennis v. Central Gulf S. S. Corp., *supra* note 6.

8. *Gaudet, supra* note 3, 414 U.S. at 574, 94 S.Ct. 806, 809.

9. *Moragne, supra* note 2, 398 U.S. at 401, 90 S.Ct. at 1778.

10. *Moragne, supra* note 2, at 387, 90 S.Ct. at 1781, quoting The Sea Gull, 21 Fed.Cas. 909, 910 (No. 12,578) (C.C.Md., 1865).

11. *See generally, e. g.,* Petition of M/V Elaine Jones, 480 F.2d 11, 31 (5th Cir., 1973); Spiller v. Thomas M. Lowe, Jr., and Associates, *supra* note 6, 466 F.2d at 909.

12. Plaintiff, decedent, and defendant are citizens of the State of Washington. The estate's future economic loss is recoverable under Washington's survival statute, R.C.W. 4.20.046. Warner v. McCaughan, 77 Wash. 2d 178, 460 P.2d 272 (Wash., 1969); Hinzman v. Palmanteer, 81 Wash.2d 327, 501 P. 2d 1228 (Wash., 1972).

sion. It is not possible, however, to prove future economic loss with any approximation of certainty. "The mere difficulty in supplying more definite proof as to the amount of damages suffered where the loss is nevertheless a real one, has never been made an excuse by any court for denying all recovery . . . ." [13]

Accordingly, taking into account the decedent's age, health, and normal life expectancy, as set forth in the admitted facts of the Pretrial Order, together with his past record of low earnings and accumulations, and the ever-present possibility that he would have married, I find the estate has sustained a future economic loss of $10,000.00.

Plaintiff shall present findings of fact, conclusions of law and judgment in accordance herewith.

---

13. Cox v. Remillard, 237 F.2d 909, 912 (9th Cir. 1956).