**Peter EVICH; Estate of Ogie Berg, as owners of the M/V CAPELLA, Petitioners-Appellees,**

v.

**Terry MORRIS, Personal Representatives of the Estate of Robert J. Connelly, John S. Connelly, Claimants-Appellants.**

**No. 86–3587.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1987.

Decided June 10, 1987.

Casey A. Nagy, Seattle, Wash., for petitioners-appellees.

John G. Cooper, Seattle, Wash., for claimants-appellants.

Before BROWNING, WRIGHT and HALL, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

In this appeal we are asked to determine whether a general federal maritime survival action preempts state law, and what damages are recoverable in the federal action. We conclude that state law is preempted and that future economic loss, punitive damages, and prejudgment interest may be recovered.

## I.

This appeal follows previous remands in which we joined other circuits in recognizing a general federal maritime survival action. *Berg v. Chevron, U.S.A., Inc.*, 759 F.2d 1425 (9th Cir.1985); *Evich v. Connelly*, 759 F.2d 1432 (9th Cir.1985). The remand in *Evich* directed the district court to consider the maritime survival action against Evich and the Berg estate. 759 F.2d at 1434.

On remand, Evich and Berg moved for summary judgment, conceding liability. Judge Tanner granted the motion and entered judgment in favor of Connelly for $25,000. At the previous trial, he had awarded Connelly $264,439 against Chevron. Twenty-five thousand dollars of that award represented pre-death pain and suffering. The remainder was attributed to an unspecified economic loss.

## II.

Connelly's personal representatives argue that Alaska state law supplements federal maritime law when deaths occur in state territorial waters. When the same argument was made in the context of wrongful death actions, we rejected it. *Nelson v. United States*, 639 F.2d 469, 473 (9th Cir.1980); *see also Matter of S/S Helena*, 529 F.2d 744, 748–53 (5th Cir.1976). The parties have presented us with no reason to depart from *Nelson*. The need for

uniformity in maritime survival actions is no less than the need for it in maritime wrongful death actions. We adhere to *Nelson*, holding that state law is preempted by the general federal maritime survival action.

### III.

Connelly's representatives next claim Judge Tanner erred by limiting damages to pre-death pain and suffering. They argue that future economic loss, punitive damages, and prejudgment interest may be recovered in a federal maritime survival action. We agree.

■ Although federal circuit courts considering survival damages have generally stated that pre-death pain and suffering is compensable, *see, e.g., Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 893 (5th Cir.1984); *Barbe v. Drummond*, 507 F.2d 794, 799–800 (1st Cir.1974); *Spiller v. Thomas M. Lowe, Jr. & Assoc., Inc.*, 466 F.2d 903, 911 (8th Cir.1972), the recoverability of future economic loss in a post-*Moragne* survival action has not been addressed by a circuit court. *Cf. Mascuilli v. United States*, 411 F.2d 867, 873 (3d Cir. 1969) (pre-*Moragne* case allowing such recovery). The issue was addressed in *Muirhead v. Pacific Inland Navigation, Inc.*, 378 F.Supp. 361 (W.D.Wash.1974). There, Judge Beeks, relying on *Moragne v. States Marine Lines*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), allowed recovery for future economic loss. *Id.* at 363.[1]

While the majority of states do not allow future economic loss to be recovered in survival actions, and the Jones Act provides for no such recovery, we find recovery here " 'better becomes the humane and liberal character of proceedings in admiralty' ", *Moragne*, 398 U.S. at 387, 90 S.Ct. at 1780 (citation omitted), and prevents the anomaly of rewarding a petitioner for killing his victim rather than injuring him, *see id.* at 395, 90 S.Ct. at 1784. Most states and the Jones Act allow these damages to be recovered in the form of loss of support when wrongful death beneficiaries exist. Where, as here, those beneficiaries do not exist, potential problems with double recovery do not exist. Under these circumstances, the decedent's estate should be compensated for loss of future earnings. *See Kriesak v. Crowe*, 36 F.Supp. 127, 129 (M.D.Pa.1940).

Claimants also seek punitive damages. Punitive damages are available under general maritime law for claims of unseaworthiness, *In re Merry Shipping, Inc.*, 650 F.2d 622, 625 (5th Cir.1981); *In re Marine Sulphur Queen*, 460 F.2d 89, 105 (2d Cir.), *cert. denied*, 409 U.S. 982, 93 S.Ct. 318, 34 L.Ed.2d 246 (1972), and for failure to pay maintenance and cure, *Robinson v. Pocahontas, Inc.*, 477 F.2d 1048, 1051–52 (1st Cir.1973). *See generally Protectus Alpha Navigation Co., Ltd. v. North Pac. Grain Growers, Inc.*, 767 F.2d 1379, 1385 (9th Cir.1985). While punitive damages are not available under the Jones Act, *Kopczynski v. The Jacqueline*, 742 F.2d 555, 560–61 (9th Cir.1984), *cert. denied*, 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 696 (1985), it does not follow that they are unavailable under general maritime law. *In re Merry Shipping, Inc.*, 650 F.2d at 626.

■ Punitive damages serve the purposes " 'of punishing the defendant, of teaching him not to do it again, and of deterring others from following his example.' " *Protectus Alpha Navigation Co., Ltd.*, 767 F.2d at 1385 (quoting Prosser, *The Law of Torts* § 2 at 9 (1971)). These purposes support their availability in general maritime law and the trend is to allow such recoveries. 2 M. Norris, *The Law of Seamen* § 30:41 at 517 (4th ed. 1985); *cf. Thyssen, Inc. v. S.S. Fortune Star*, 777 F.2d 57, 62–63 (2d Cir.1985) (not available in contract). We find that punitive damages are available in a general maritime survival action upon a showing of "conduct which manifests 'reckless or callous disregard' for the rights of others, ... or 'gross negligence or actual malice criminal

---

**1.** Petitioners attempt to undermine *Muirhead* by arguing that reliance on a state survival statute is no longer accepted practice. While Judge Beeks referred to the result under Washington law, he based his holding on a "survival remedy independent of state law." 378 F.Supp. at 363.

*4*

indifference.'" *Protectus Alpha Naviga-tion Co., Ltd.,* 767 F.2d at 1385 (citations omitted). It is for the trier of fact to determine whether they are warranted. *See In re Merry Shipping, Inc.,* 650 F.2d at 626–27. Judge Tanner should do so on remand.

Also, "'prejudgment interest must be granted unless peculiar circumstances justify its denial.'" *Vance v. American Hawaii Cruises, Inc.,* 789 F.2d 790, 795 (9th Cir.1986) (quoting *Dillingham Ship-yard v. Associated Insulation Co.,* 649 F.2d 1322, 1328 (9th Cir.1981)). We reject petitioner's argument that peculiar circum-stances justifying its denial are so obvious as to preclude the need for a remand. The general maritime survival action was not novel, and the argument that the death of the wronged party justifies denial of such an award defies reason. Judge Tanner must award prejudgment interest on re-mand or specify the peculiar circumstances justifying its denial.

REVERSED and REMANDED.