**Donald TRUEHART, Personal Representative as Administrator of the Estate of Victor A. Truehart and His Heirs, Donald Truehart, Joan Robienczak Truehart, Terri A. Truehart, and Thomas J. Truehart**

v.

**Peter C. BLANDON, J. Robert Lee III, the M/V BUCCANEER, Her Engines, etc., in rem, United States Fidelity and Guaranty Company, the North River Insurance Company, and United States Fire Insurance Company.**

Civ. A. No. 87–0708.

United States District Court, E.D. Louisiana.

May 31, 1988.

---

Hugh M. Glenn Jr., Franklin H. Jones, III, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, La., for defendants Lee, North River Ins. Co. and U.S. Fire Ins. Co.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court on May 18, 1988 for hearing on plaintiff's motion for leave to file third amended complaint and his motion of limited extension of the expert report deadline. At the hearing, the Court DENIED both motion. The Court now further explains its ruling. *See also Hilgeman v. National Insurance Co. of America,* 547 F.2d 298, 303 (5th Cir. 1977) (district court should set forth reasons for refusing to permit amendment).

Twice already has this Court addressed various issues of law concerning the tragic death of Victor Truehart. *See Truehart v. Blandon,* 672 F.Supp. 929 (E.D.La.1987) (*Truehart I*), *application for interlocutory appeal denied,* No. 87–9184 (5th Cir. filed Feb. 8, 1988); *United States Fidelity & Guaranty Co. v. Williams,* 676 F.Supp. 123 (E.D.La.1987). Here, the Court must address yet another issue.

Plaintiff seeks (1) to amend his complaint for a third time in order to seek recovery for the "lifetime loss of future earnings" of the decedent and (2) to extend the expert report deadline in order to obtain economic expert reports on this loss. As sole support, plaintiff cites *Evich v. Morris,* 819 F.2d 256 (9th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987). Because his request is untimely and to the undue prejudice of the defendants, the Court denied the motions.

### I.

The original complaint in this matter was filed on February 17, 1987. The first amendment was filed unopposed on July 1, 1987; it substituted the proper names of defendant Lee's insurers (North River Insurance Co. and United Fire Insurance Co.) for the originally designed ABC Insurance Companies. The second amendment was

John R. Martzell, Martzell, Thomas & Bickford, New Orleans, La., for plaintiffs.

Ashton R. O'Dwyer Jr., J. Dwight Le-Blanc, III, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for defendants Blandon and U.S. Fidelity and Guaranty Co.

filed unopposed on August 31, 1987; it substituted Donald Truehart (decedent's personal representative) for the sole party-plaintiff in place of the original plaintiffs (Mr. and Mrs. Truehart, suing in their individual capacities). By July 31, 1987, all defendants filed an answer.

The Court's scheduling order entered after the scheduling conference of May 5, 1987 provided that all amendments to pleadings be filed within 60 days from the date of the order.[1] The order further provided that plaintiff's expert reports be exchanged at least 90 days before the pre-trial conference date of November 16, 1987 (i.e., on or before August 18, 1987) and that the trial be held on December 7, 1987.

On October 13, 1987, just before the Court issued the wrongful death opinion, *Truehart I,* the Court held a telephone conference with all counsel to ask if all discovery was completed; all counsel said yes (with one minor exception that was resolved soon thereafter). The Court made the specific inquiry in order to determine whether to stay the action pending the proposed interlocutory appeal. Based in part upon counsel's representation, the Court included in its opinion the order that "[a]n application for immediate appeal hereunder shall operate to stay proceedings in this Court." 672 F.Supp. at 938. The stay went into effect upon plaintiff's filing a timely appeal on October 23, 1987. *See* Minute Entry of Nov. 5, 1987.

At a settlement conference, held on February 10, 1988 (two days after the Fifth Circuit denied the interlocutory appeal), counsel discussed the need for further discovery. Plaintiff's previous counsel specifically stated that he needed no further discovery; the sole discovery requested concerned defendant Williams' counterclaim against USF & G and Blandon in the consolidated matter (*USF & G v. Williams*), which counterclaim was settled that evening, thereby mooting the need for such requested discovery. At the conference, further, all counsel agreed upon a new trial date of either June 20, 1988 or June 27, 1988—the alternatives so that certain counsel could later check their trial calendars. Upon being advised that the earlier date was better, the Court issued a minute entry on February 16, 1988 setting the trial date for June 20, 1988 and the final pre-trial conference for June 3, 1988.

In March 1988, both plaintiff and USF & G filed motions to amend their witness lists (USF & G adding two Causeway police on duty the evening of the accident and plaintiff adding John Rawls, who is Williams' attorney and evidently an acquaintance of several of the persons aboard Mr. Blandon's boat) and to open discovery for 30 days relative thereto. By minute entry of March 24, 1988, the Court granted the two unopposed motions; its order was "conditioned on all counsel's representation that the reopening [of discovery] shall not delay or affect the trial date."

On May 3, 1988, only a month-and-a-half from the trial date, plaintiff moved to substitute counsel; his motion specifically stated: "Substitution will not delay trial herein." Based in part on this representation, the Court granted the motion.

Finally, on May 3, 1988, plaintiff filed his two instant motions. His motion to amend states in part:

This amendment will not delay trial of this matter since it adds nothing in the way of factual discovery and expert economic testimony is readily available to all parties to establish this item of loss.

His memorandum in support of his motion to extend the expert report deadline states in part:

The granting of the instant Motion will in no way delay the trial of this matter. No additional discovery needs to be undertaken. ...

Plaintiff has presented no evidence of any kind in support of his motions. Defendants strongly disagree with the statement that no further factual discovery would be needed. In this regard, they advise that no party conducted discovery on this issue and

---

**1.** Sixty days after May 5, 1987 is, of course, July 4, 1987. Because July 4th is always a federal holiday and because July 5th fell on a Sunday in 1987, such pleadings were due, instead, on Monday, July 6, 1987. *See* F.R.Civ.P. 6(a).

that several depositions of the decedent's friends indicate that the decedent did not have steady employment; defendants suggest that locating the necessary wage information from the decedent's previous (and probably numerous) employers would be difficult and time consuming. At the hearing on the motions, plaintiff's counsel did not contest the problems predicted by defendants' counsel.

## II.

■ Rule 15(a) of the Federal Rules of Civil Procedure provides in part that "a party may amend the party's pleading ... by leave of court ... and leave shall be freely given when justice so requires." While Rule 15's amendment policy is liberal, amendments are not permitted automatically at all time and in all cases. The Court must balance several factors for determining whether to exercise its discretion to grant or deny leave to amend.[2] *E.g., Earlie v. Jacobs,* 745 F.2d 342, 345 (5th Cir.1984).

The Court's "exercise of discretion to deny leave to amend is informed by 'undue delay' and 'undue prejudice to the opposing party.'" *Carbalan v. Vaughn,* 760 F.2d 662, 665 (5th Cir.) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)), *cert. denied,* 474 U.S. 1007, 106 S.Ct. 529, 88 L.Ed.2d 461 (1985); *see Gulf Oil Trading Co. v. M/V CARIBE MAR,* 757 F.2d 743, 751 (5th Cir.1985) (calling these "major considerations"). While delay alone is generally not a sufficient reason for denying leave, *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir.1981) (citing Wright & Miller, *supra* note 2, § 1488, at 438), the risk of substantial prejudice increases with the passage of time. Wright & Miller, *supra* note 2, § 1488, at 439; *see Nilsen v. City of Moss Point,* 621 F.2d 117, 122 (5th Cir.

1980); *cf. Mozingo v. Correct Manufacturing Corp.,* 752 F.2d 168, 172 (5th Cir.1985) (court may allow late amendment when other party would suffer no prejudice). To quote Professors Wright and Miller:

Delay in moving to amend also increases the risk that the opposing party will not have an adequate opportunity to prepare his case on the new issue raised in the amended pleadings. Of course, in some cases this hardship may be avoided by granting the opposing party a continuance or postponing the trial date. But this procedure will not protect the opposing party from possible prejudice if the delay has resulted in the loss of valuable evidence or an important witness has become unavailable. Finally, the moving party's failure to include the proposed amendment in his original pleadings may put the opposing party to the added burden of further discovery, preparation, and expense, thereby prejudicing his right to a speedy and inexpensive trial on the merits.

Wright & Miller, *supra* note 2, § 1488, at 440–41 (footnotes omitted).

Interposed against this discretion under Rule 15 are the mandates of Rule 16. As Rule 16(a) states, the purpose for scheduling conferences, with orders thereto, is, among others, for "expediting the disposition of the action" and "establishing early and continuing control so that the case will not be protracted because of lack of management." F.R.Civ.P. 16(a)(1)–(2); *see also Flannery v. Carroll,* 676 F.2d 126, 129 (5th Cir.1982) (citing Wright & Miller, *supra* note 2, § 1524, at 570).

Rule 16(b) requires that a scheduling conference be held. Rule 16(b) also provides in part that the "schedule shall not be modified except by leave of the judge ...

---

**2.** This balancing of factors generally does not consider the substantive merits of the amendments. *Fox v. City of West Palm Beach,* 383 F.2d 189, 195 (5th Cir.1967); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1487, at 432 (1971). But if a proposed amendment advances a claim that is legally insufficient on its face, the court should deny leave to amend, without balancing, or even considering, other

factors. *Id.* at 432–33; *see Pan-Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539, 546 (5th Cir.1980) (leave "need not" be granted), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981); *DeLoach v. Woodley,* 405 F.2d 496, 496–97 (5th Cir.1968) (same); *see also Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir.1986) (court "may" deny leave).

upon a showing of good cause." [3]  Once formulated, pretrial orders, including scheduling orders, should not be changed lightly, but total inflexibility is undesirable. F.R.Civ.P. 16 Advisory Committee Notes to 1983 Amendment, 97 F.R.D. 165, 212 (citing *Clark v. Pennsylvania Railroad Co.,* 328 F.2d 591 (2d Cir.), *cert. denied,* 377 U.S. 1006, 84 S.Ct. 1943, 12 L.Ed.2d 1054 (1964)).

### III.

Plaintiff's present maneuver is solely aimed at benefitting from the Ninth Circuit rule in *Evich,* which plaintiff argues allows him to recover damages for the loss of his deceased son's future earnings.

Because the facts as set out in Part I above largely speak for themselves on the issue of undue prejudice from delay, the Court need not further expound in detail: the Court simply should not grant plaintiff's "eleventh hour" request.  The request is made fifteen months after the original complaint was filed, discovery should have long ago been complete, and the trial is imminent.  *See Cunningham v. Healthco, Inc.,* 824 F.2d 1448, 1461 (5th Cir.1987); *Bilmar Drilling, Inc. v. IFG Leasing Co.,* 795 F.2d 1194, 1199–200 (5th Cir.1986); *Johnston v. Lucas,* 786 F.2d 1254, 1260 (5th Cir.1986).

Concerning untimeliness, the Court notes that the *Evich* case, the basis for plaintiff's motions, is hardly "new."  The opinion came out almost a year ago, on June 10, 1987.  Further, plaintiff's ability to have raised his proposed claim in the original complaint filed over 15 months ago in no way depends on the existence or not of *Evich.*  Finally, plaintiff has made no attempt at explaining the reason for his delay.  *See Cunningham,* 824 F.2d at 1461

(finding no abuse of discretion in denying leave to amend, where movant did not explain the reason for the long delay in moving to amend).

The Court simply cannot accept plaintiff's unsupported statement that further factual discovery would be unnecessary.  *Cf. Guthrie v. J.C. Penney Co.,* 803 F.2d 202, 210 (5th Cir.1986) (where movant's proposed amendment did not raise new factual issues to be tried, the district court did not abuse its discretion in granting leave).  *But cf. Johnston,* 786 F.2d at 1260 (finding no abuse of discretion where district court denied leave to add state tort claims to a § 1983 battery claim).  Because plaintiff waited so long before raising the "lost income" issue, the risk of the parties' being unable to accurately trace the decedent's erratic worklife—a necessity for calculating future loss—is substantially increased from what the risk would have been had plaintiff raised the issue much closer to the time of the decedent's death.

Further, if the Court were to grant the motions, the trial date, already once delayed, would be jeopardized.  While the Court finds it unnecessary to detail the events of December 10, 1987, when the Court had to call upon the FBI and the U.S. Attorney because of certain threats made in connection with this litigation, the Court does emphasize that, in this particular case, a speedy adjudication of this matter is especially desirable so that the emotional conflicts from the accident and this litigation may be resolved.

In sum, the Court finds that plaintiffs have not shown good cause for modifying the Court's now-year old scheduling order and that it is not in the interests of justice for the Court to grant leave to amend or to

---

3. While it is possible to read the phrase "upon good cause shown" as solely modifying the phrase "a magistrate when authorized by district court rule," the Court does not find such a reading warranted.  As the Advisory Committee Notes to the 1983 Amendments to Rule 16 emphasize, the scheduling order under Rule 16(b) is mandatory; the policies for such mandatory supervision would hardly be served if only a magistrate, and not a judge, needed to find

"good cause" for modifying a scheduling order.  Thus, a distinction between judges and magistrates is inappropriate, nor do the Advisory Committee Notes suggest otherwise.  *See, e.g.,* F.R.Civ.P. 16 Advisory Committee Notes to 1983 Amendment, 97 F.R.D. 165, 208 ("the *court* may modify the schedule upon a showing of good cause" (emphasis added)).  In sum, both judges and magistrates are bound by the "good cause" requirement.

re-open discovery. Thus, the Court exercises its broad discretion to deny plaintiff's two motions. *See McLean v. International Harvester Co.*, 817 F.2d 1214, 1224 (5th Cir.1987).

In concluding, the Court addresses the possibility that a reviewing authority may disagree with this Court's holding in *Truehart I* and remand this matter for a new trial on that issue. Today's ruling does not necessarily preclude plaintiff from reurging his motion upon the occurrence of either possibility. Without deciding the issue at this time, the Court simply notes that the prejudice from delayed discovery of income data from the decedent's former employers will remain, while the prejudice from an impending trial date may be absent and that the Court has yet to determine whether plaintiff's proposed amendment states a cause of action under general maritime law.[4]

## IV.

Accordingly, the Court DENIED both motions.

---

**4.** If a proposed claim would not state a cause of action, the Court has the discretion to deny leave to amend solely for that reason. *See supra* note 2. Because leave in this instance can be denied wholly for reasons of untimeliness and prejudice and further because no party addressed the merits of whether plaintiff's proposed claim properly states a cause of action under general maritime law, the Court does not address this alternative basis for denying leave. The Court adds that the issue is not an easy one. *Compare Evich*, 819 F.2d at 258 (allowing non-dependent brothers of deceased seaman to recover damages for loss of inheritance) *and Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1093 (5th Cir.1988) (upholding loss-of-inheritance award under DOHSA for decedent's family at least some of whom were minor children) *with Marks v. Pan American World Airways, Inc.*, 591 F.Supp. 827, 829–33 (E.D.La.1984) (applying Louisiana law, which forbids such awards, and discussing general problems with such awards), *aff'd*, 785 F.2d 539, 541–43 (5th Cir.1986).

One could infer from the Court's comments at the motion hearing that the Court held, or held in the alternative, that plaintiff's proposed claim did not state a cause of action. In light of further independent research by the Court, the Court now specifically rejects any such inference.