In the Matter of the Complaint of ARCTIC FISHERIES, INC., a Washington corporation, owner of the F/V ARCTIC II, Official Number 678235, for Exoneration From or Limitation of Liability, Plaintiff.

No. C89–667D.

United States District Court,
W.D. Washington,
at Seattle.

July 27, 1990.

Robert N. Windes, LeGros, Buchanan, Paul & Whitehead, Seattle, Wash., for plaintiff.

Shannon Stafford, Stafford, Frey, Cooper & Stewart, Seattle, Wash., for claimants Heeney, Michna and Clausen.

Barrett R. Baskin, Miller, Brodsky & Baskin, San Francisco, Cal., for claimants Clausen and Conte.

## ORDER

DIMMICK, District Judge.

The underlying action here is for exoneration or limitation of liability on a vessel which sank near the Aleutians December 11, 1988. Arctic Fisheries, Inc. (Arctic) owner of the vessel now seeks partial summary judgment dismissing many of the claims of the parents of two of the seamen drowned when the vessel sank. The relevant facts are undisputed. Although the result may seem harsh, the Court is bound by law which dictates a grant of partial summary judgment.

## CLAIMS

At issue here are the claims of the estate of Stanley Michna, Robert Michna and Mary Michna (his parents) and the estate of Gary Heeney, Dennis Heeney and Mary Heeney (his parents). The parents assert wrongful death claims for their own damages: support in their later years, loss of inheritance, loss of guidance, comfort and society, and funeral expenses. The estate also asserts claims pursuant to a survival action for the deceaseds' conscious pain and suffering prior to death and the deceaseds' lost gross earnings less personal consumption. The father of Heeney also asserts a claim for a lost commercial fishing partnership.

Arctic argues for dismissal of the following as too speculative in the case of parents of a deceased child: claims for loss of support and loss of inheritance. They seek dismissal of the following as not recognized under DOHSA or the Jones Act: claims for loss of guidance, comfort and society; for lost earnings of the deceased; and for funeral expenses. Arctic concedes that claimants have a cause of action for pain and suffering under the Jones Act.

## LAW

DOHSA (Death on High Seas by Wrongful Act, 46 U.S.C.App. § 761 *et seq.*) applies here where death occurred on the high seas.

> Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas ... the personal representative of the decedent may maintain a suit for damages in the District Courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.

Section 761.

> The recovery of such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the court in the proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought.

Section 762.

The United State Supreme Court has limited recovery of a survivor's wrongful death action under DOHSA to pecuniary losses, disallowing claims for loss of society. *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978).

■ Loss of support and inheritance are recognized under DOHSA. *See, e.g., Nygaard v. Peter Pan Seafoods, Inc.*, 701 F.2d 77, 80 (9th Cir.1983):

> Loss of inheritance is a pecuniary loss recoverable under DOHSA where it is probable that the decedent, but for his death, would have accumulated property

that would have been inherited by the beneficiaries of the action.

(Citations omitted.) Here, however, no evidence has been offered to support the parents' claim for loss of support and inheritance. These claims may be too speculative, but the Court will reserve its decision on this issue.

 Because the deceaseds were seamen, the Jones Act also provides for recovery by the representative of the deceased. 46 U.S.C.App. § 688.

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law.... And in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law....

The Jones Act permits survival claims for the deceased's pain and suffering. *Bergen v. F/V ST. PATRICK*, 816 F.2d 1345 (9th Cir.1987); *Cook v. Ross Island Sand & Gravel Co.*, 626 F.2d 746, 748–49 (9th Cir. 1980). *Bergen* held that there could, however, be no extension of the general maritime law to permit recovery of punitive damages. A second Ninth Circuit case issued the same year, nonetheless, permitted supplementation of the Jones Act with general maritime law, thus allowing recovery of punitive damages. *Evich v. Morris*, 819 F.2d 256 (9th Cir.1987). An analysis of these and other pertinent cases follows.

In *Bergen*, the court held that in an action pursuant to DOHSA combined with an action pursuant to the Jones Act there may be no supplementation by general maritime law or by state law:

> We hold that where an action under DOHSA is joined with a Jones Act action, neither statutory scheme may be supplemented by the general maritime law or by state law.

*Id.* at 1349. But in *Evich*, the Ninth Circuit held that a survivor's (brother's) action for a seaman's death occurring in state waters (not covered by DOHSA) did permit recovery of future economic loss and punitive damages. *Evich*, 819 F.2d at 256. The issue in *Evich* was "whether a general

federal maritime survival action preempts state law, and what damages are recoverable in the federal action." *Id.* at 257. The court held that state law is preempted by the general federal maritime survival action, which allows for recovery of future economic loss even though the Jones Act does not provide for such damages. Although *Evich* and *Bergen* were issued the same year, they do not reference each other.

In order to harmonize these opinions, it is necessary to apply each to its particular facts. That is, *Bergen* applied to a case of a seaman killed on the high seas, thus invoking DOHSA and the Jones Act; whereas *Evich* applied to a seaman's death in state waters in which there was no likelihood of double recovery because there was no wrongful death beneficiary pursuant to DOHSA. Reading these two cases together has the rather unjust result of giving greater benefit to survivors who do not claim under DOHSA than to survivors who do claim under DOHSA and the Jones Act.

This anomaly may be explained by judicial reluctance to fashion a remedy in an area where Congress has clearly spoken:

> It is true that the measure of damages in coastal waters will differ from that on the high seas, but even if this difference proves significant, a desire for uniformity cannot override the statute.

*Higginbotham*, 436 U.S. at 624, 98 S.Ct. at 2014. *Higginbotham* was also cited by the *Bergen* court in reaching its conclusion, recognizing the intent of Congress to preempt anything but pecuniary damages under DOHSA. *Bergen* at 1349.

Claimants urge this Court to expand potential claims following *Evich*. They also urge this Court to follow the direction of the Fifth Circuit in *Graham v. Milky Way Barge, Inc.*, 824 F.2d 376 (5th Cir.1987) and *Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 894 (5th Cir.1984). In *Azzopardi* as reaffirmed in *Milky Way*, the court distinguished between wrongful death actions and survival actions. It noted that the Supreme Court's decision in *Higginbotham* was limited to declaring that general maritime law could not supple-

ment a DOHSA action for wrongful death. But the Circuit Court held that *Higginbotham* cannot be read to preclude a survival action to supplement DOHSA. *Milky Way,* at 387. Significantly, however, the Fifth Circuit criticized the Ninth Circuit's *Evich* opinion extending survival actions to include decedent's lost wages. *See Miles v. Melrose,* 882 F.2d 976 (5th Cir.1989).[1]

> We are not persuaded that the reasons advanced in *Evich* support recognizing an additional basis for recovery. While the liberality of admiralty proceedings informs the development of maritime jurisprudence, it does not license courts to create causes of action whenever they see fit....

> In contrast, most state survival statutes and the Jones Act do not allow recovery for lost wages. DOHSA gives no action for any kind of survivorship benefit. The recognition of an estate's survival action for lost wages would stand alone in admiralty law in contrast to the prevalence of wrongful death statutes that informed the decision in *Moragne [v. States Marine Lines, Inc.,* 398 U.S. 375 [90 S.Ct. 1772, 26 L.Ed.2d 339] (1970)].

*Id.* at 986–87. Thus, even were this Court to follow the Fifth Circuit's lead, it would not result in recognition of a survival claim for lost wages.

The Supreme Court has extended general maritime law to cases where DOHSA does not apply. *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970) (applying federal general maritime law to occurrences in territorial waters); *Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974) (permitting claims for loss of society for occurrences in territorial waters). In *Higginbotham,* these extensions were recognized, but nonetheless, the Court concluded that it could not extend the right of recovery to nonpecuniary losses when DOHSA applied. The Court reasoned that Congress had spoken. "It has limited sur-

vivors to recovery of their pecuniary losses." 436 U.S. at 623, 98 S.Ct. at 2014. Similarly, this Court concludes that it is bound by the statutory scheme.

One minor issue remaining is the right to recover for funeral expenses under DOHSA. Claimants point to a split of authority: *Compare The Culberson,* 61 F.2d 194 (3d Cir.1932) *with Moore v. The O/S Fram,* 226 F.Supp. 816 (S.D.Tex.1963), *aff'd sub nom. Wilhelm Seafoods, Inc. v. Moore,* 328 F.2d 868 (5th Cir.1964). A footnote in *Higginbotham* refers to funeral expenses:

> Similarly, there may be no great disparity between DOHSA and Gaudet on the issue of funeral expenses. Gaudet awards damages to dependents who have paid, or will pay, for the decedent's funeral, evidently on the theory that, but for the wrongful death, the decedent would have accumulated an estate large enough to pay for his own funeral. 414 US, at 591, 39 L Ed 2d 9, 94 S Ct 806 [818]. On that theory, the cost of the funeral could also be considered a pecuniary loss suffered by the dependent as a result of the death.

436 U.S. at 624 n. 20, 98 S.Ct. at 2014 n. 20. As claimants point out, recovery may depend on who paid or is liable for expenses. This matter is reserved.

## SUMMARY

Applying the law as described above, the Court reaches the following conclusions as to retention of claims of the parents of Stanley Michna and Gary Heeney:

1. Retain claims for loss of support or loss of services as subject to proof;

2. Retain claims for loss of inheritance as subject to proof;

3. Retain claims for funeral expenses as subject to proof;

4. Dismiss Heeney's father's claim of deprivation of commercial fishing partnership—partnership not recognized as benefi-

---

**1.** *Cert. granted, Miles v. Apex Marine Corp.,* — U.S. ——, 110 S.Ct. 1295, 108 L.Ed.2d 472 (1990); *cert. denied., Aeron Marine Co. v. Miles,* — U.S. ——, 110 S.Ct. 1783, 108 L.Ed.2d 785 (1990).

854

ciary under DOHSA (claimants do not dispute);

5. Dismiss wrongful death claim for non-pecuniary losses (loss of love, comfort, society, guidance) as disallowed under *Higginbotham;* and

6. Dismiss survival claim of lost earnings for the estate as not recognized under Jones Act survival action, as per *Bergen.*

THEREFORE, the motion of Arctic Fisheries, Inc. for partial summary judgment is GRANTED IN PART.