**In the Matter of the Complaint of ALEUTIAN ENTERPRISE, LTD., a California Limited Partnership, et al., Plaintiffs.**

No. C90–594Z.

United States District Court,
W.D. Washington,
at Seattle.

Nov. 13, 1991.

Joseph Stephen Stacey and James F. Whitehead, III of LeGros, Buchanan, Paul & Whitehead, Seattle, Wash., for plaintiffs.

## MEMORANDUM OPINION

ZILLY, District Judge.

THIS MATTER came before the Court on July 12, 1991, upon separate motions by plaintiffs to dismiss the punitive damage claims filed by injured crew members and the estates of nine deceased crew members. For the reasons stated on the record at the conclusion of the hearing, plaintiffs' motions were GRANTED and all punitive damage claims were STRICKEN. This memorandum opinion sets forth the reasons for the Court's previous ruling.

## FACTS

On March 22, 1990, the F/V ALEUTIAN ENTERPRISE sank in the Bering Sea. The salvage value is estimated at $10,000. Nine crew members are missing and presumed drowned. Twenty-two crew members were rescued. Plaintiff Aleutian Enterprise, Ltd. was the owner of the F/V ALEUTIAN ENTERPRISE. It filed this action pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims to exonerate itself from liability or to limit liability to the salvage value of the vessel.

## ISSUE PRESENTED

The issue presented is whether punitive damages can be recovered under the unseaworthiness doctrine for a claim of death or injury on the high seas. The nine estates seek damages under three legal theories: (1) Death on the High Seas Act, 46 U.S.C. § 761 ("DOSHA"), (2) Jones Act, 46 U.S.C. § 688, and (3) the seaworthiness doctrine recognized under general principles of maritime law. The injured crew members seek damages under only the Jones Act and the seaworthiness doctrine.

### 1. *Death on the High Seas Act (estates only)*

Congress has created for the families of deceased seamen a right to sue in federal court where the death was caused by "wrongful act, neglect, or default" and occurred more than "one marine league" from shore. 46 U.S.C. § 761. In creating this right to sue, Congress specifically limited recovery to *"pecuniary* loss sustained by the persons for whose benefit the suit is brought." 46 U.S.C. § 762 (emphasis added). Punitive damages are non-pecuniary damages and are thus unavailable under DOSHA. *See Bergen v. F/V ST. PATRICK,* 816 F.2d 1345, 1347 (9th Cir.1987), *cert. denied,* 493 U.S. 871, 110 S.Ct. 200, 107 L.Ed.2d 154 (1989).

### 2. *Jones Act (all claimants)*

Congress has also provided seamen a statutory right to sue their employers in negligence for personal injuries occurring in the course of marine employment. 46 U.S.C. § 688. The Jones Act incorporates the remedies available to employees of interstate railroads under the Federal Employers' Liability Act ("FELA"). *Nygaard v. Peter Pan Seafoods,* 701 F.2d 77, 79 (9th Cir.1983). Prior to the enactment of the Jones Act in 1920, it had been established that only compensatory damages were available in FELA actions. Hence, punitive damages are not recoverable under the Jones Act. *See Kopczynski v. THE JACQUELINE,* 742 F.2d 555, 560–61 (9th Cir. 1984), *cert. denied,* 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 696 (1985).

### 3. *General Maritime Law (all claimants)*

General maritime law is a judicially created body of law which the federal courts have developed while sitting in admiralty. As a general rule, the courts have held that punitive damages are available under general maritime law. *See Protectus Alpha Navigation Co. v. North Pacific Grain Growers, Inc.,* 767 F.2d 1379, 1385 (9th Cir.1985).

The present case involves the availability of punitive damages under the "doctrine of unseaworthiness" which establishes shipowner liability "for failure to supply a safe ship irrespective of fault, and irrespective of the intervening negligence of crew members." *Miles v. Apex Marine Corp.*, — U.S. —, —, 111 S.Ct. 317, 322, 112 L.Ed.2d 275, 286 (1990). The question before this Court is whether punitive damages are properly recoverable under these provisions of general maritime law in light of Congress' decision to preclude such damages under the Jones Act and the Death on the High Seas Act.

## ANALYSIS

### A. *Punitive Damages for Death on the High Seas*

■ The Supreme Court has addressed the relationship between damages allowed under federal maritime law and those permitted under DOSHA. In *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), the court ruled that loss of society damages, though recognized under general maritime law, were precluded where the death occurred on the high seas and was thus governed by the pecuniary damage limit under DOSHA. The court's reasoning is instructive here:

> We realize that, because Congress has never enacted a comprehensive maritime code, admiralty courts have often been called upon to supplement maritime statutes. The Death on the High Seas Act, however, announces Congress' considered judgment on such issues as the beneficiaries, the limitations period, contributory negligence, survival, and damages. The Act does not address every issue of wrongful-death law, *but when it does speak directly to a question, the courts are not free to "supplement" Congress' answer so thoroughly that the Act becomes meaningless.*
>
> *There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted.*

*Higginbotham*, 436 U.S. at 625, 98 S.Ct. at 2015, 56 L.Ed.2d at 587 (emphasis added).

The Ninth Circuit, applying the Supreme Court's reasoning in *Higginbotham*, has denied the availability of punitive damages for claims within the scope of both DOSHA and the Jones Act. In *Bergen v. F/V ST. PATRICK*, the Circuit ruled that the estate of a deceased seaman could not evade the pecuniary damage limit under DOSHA and the Jones Act by seeking recovery of punitive damages under general maritime law. 816 F.2d at 1349. Under the authority of *Bergen*, the motion to dismiss the punitive damage claims of the estates of the nine deceased crew members must be granted.

### B. *Punitive Damages for Injury on the High Seas*

■ Ninth Circuit law on the availability of punitive damages for injury claims within the scope of the Jones Act is less clear. Although the reasoning in *Higginbotham* and *Bergen* seems equally applicable to a claim of injury under the Jones Act, a Ninth Circuit appellate panel ruled that punitive damages are recoverable under general maritime law even when the Jones Act applies. *Evich v. Morris*, 819 F.2d 256, 258 (9th Cir.), *cert. denied*, 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987). The case does not cite either the *Higginbotham* or the *Bergen* decision.

The ambiguity in Ninth Circuit law can be resolved by application of the recent Supreme Court decision, *Miles v. Apex Marine Corp.*, — U.S. —, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). In *Miles*, the Supreme Court denied the availability of the general admiralty law remedy of society damages where the suit was within the scope of the Jones Act and the Jones Act provided no such remedy. The Court, applying the same reasoning as in *Higginbotham*, emphasized that federal courts sitting in admiralty should respect the pronouncements of Congress:

> The Jones Act ... precludes recovery for loss of society in this case. The Jones Act applies when a seaman has been killed as a result of negligence and it limits recovery to pecuniary loss. The general maritime claim here alleged that [the decedent] had been killed as a result

of the unseaworthiness of the vessel. *It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action than Congress has allowed in cases of death resulting from negligence.* We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman.

— U.S. ——, ——–——, 111 S.Ct. 317, 325–26, 112 L.Ed.2d 275, 291 (emphasis supplied).

In the opinion of this Court, the reasoning of the *Miles* decision is inescapable in its application here. The remedies provided by Congress under the Jones Act do not encompass punitive damages. The claimants ask this Court to supplant Congress' judgment in this regard by awarding punitive damages under general maritime law. That is not the proper function of this Court within our system of governance.

Accordingly, plaintiff's motions are GRANTED and all punitive damage claims are hereby STRICKEN.

IT IS SO ORDERED.