**Gregory M. La VOIE, Plaintiff,**

v.

**KUALOA RANCH AND ACTIVITY CLUB, INC., John M. Morgan; John Whitty dba My Girl Friday, John Does 1–20, Mary Does 1–20, Doe Corporations 1–20, Doe Partnerships 1–20, Doe Associates 1–20, Doe Governmental Agencies 1–20, and Other Entities 1–20, in personam, and Unnamed "Dive Boat" and Doe Vessels 1–20, In Rem, Defendants.**

**Civ. No. 91–00513 DAE.**

United States District Court,
D. Hawaii.

Feb. 18, 1992.

Joe P. Moss and Jay Lawrence Fried-heim, Honolulu, Hawaii, for plaintiff.

Robert G. Frame, Leonard F. Alcantara, John O'Kane, Jr., Alcantara & Frame, and Richard A. Lesser and Mark A. Hruska, Hruska & Lesser, Honolulu, Hawaii, for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS

DAVID ALAN EZRA, District Judge.

Defendants Kualoa Ranch And Activity Club, Inc., John M. Morgan, John Whitty and Kayo Whitty dba My Girl Friday's ("defendants") motion for judgment on the pleadings came on for hearing before this court on February 10, 1992. Defendants were represented by John O'Kane, Esq; plaintiff Gregory M. La Voie was repre-sented Jay Lawrence Friedheim, Esq. The court, having considered the moving papers and the arguments of counsel, and the records and files herein, grants in part and denies in part the motion.

### BACKGROUND

Plaintiff filed a verified admiralty com-plaint on September 17, 1991 against defen-dants and various Does, *in personam,* and against defendants Unnamed "Dive Boat" and Doe Vessels 1–20 *In Rem.* Plaintiff alleges that he was injured on September 5, 1990, while employed as a seaman on the defendant dive boat. Plaintiff was alleg-edly in the water beside the dive platform and dive boat helping customers adjust their diving gear when a customer wearing a scuba tank fell on top of him. Plaintiff alleges that he suffered serious injuries requiring extensive medical care, resulting in lost wages, diminished future earning capacity and other damages.

Plaintiff's complaint contains the follow-ing causes of action: (1) negligence under the Jones Act, 46 U.S.C.App. § 688, *et. seq.,* (2) breach of defendants' duty to provide a seaworthy vessel, (3) breach of defendants' obligation to provide maintenance and cure, and (4) punitive damages based on defen-dants' wilful and wanton conduct in know-ingly maintaining an unseaworthy vessel, and based on defendants' wilful failure to pay maintenance and cure.

Defendants filed the instant motion seek-ing judgment on the pleadings on the grounds that (1) plaintiff has failed to state a claim upon which relief can be granted for unseaworthiness as against defendants based on plaintiff's failure to allege owner-ship or operation of the "unnamed Dive boat" by any of these defendants, and (2) the complaint fails to state a claim upon which relief can be granted for punitive damages for unseaworthiness against any defendant.

### DISCUSSION

A. *Standard Of Review*

Rule 12(c) of the Federal Rules of Civil Procedure provides in part as follows:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings....

For purposes of a motion under Rule 12(c), the allegations of the non-moving party must be accepted as true, while the allega-tions of the moving party which have been denied are assumed to be false. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1990) (citing to *Doleman v. Meiji Mutual Life Insurance Co.,* 727 F.2d 1480, 1482 (9th Cir.1984)). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Id.*

B. *Failure To Allege Ownership Of The Vessel*

■ The duty to provide a seaworthy vessel is imposed only upon vessel owners and owners *pro hac vice. See Cerqueira v. Cerqueira,* 828 F.2d 863, 865 (1st Cir. 1987). Defendants state that judgment on the pleadings in their favor is appropriate because the complaint fails to allege that they either owned or operated the unnamed "dive boat."

Plaintiff admits that the claim as stated in the complaint is deficient for failure to allege ownership or operation of the vessel. Plaintiff, however, also states that he does not know who owns the vessel upon which he was injured and that he has been unable to ascertain this fact because the defendants have refused to answer his interrogatories regarding ownership of the vessel. *See* Exhibit "B" to plaintiff's memorandum in opposition.

Plaintiff has filed a motion to amend the complaint to correct the deficiencies in the complaint and a motion to compel discovery. Plaintiff's motion to amend complaint is set for hearing before Magistrate Judge Daral Conklin on February 24, 1992; plaintiff's motion to compel discovery is also set before Magistrate Judge Conklin on February 27, 1992.

Resolution of this issue is dependent upon whether plaintiff is able to obtain the requested discovery and whether leave to amend the complaint is granted. The court will therefore deny the instant motion without prejudice to defendants' right to refile after these related matters are disposed of by the magistrate judge.

## C. *Punitive Damages*

Plaintiff seeks punitive damages based on the alleged unseaworthy condition of the vessel and based on defendants' alleged wilful failure to pay maintenance and cure.

### 1. Unseaworthiness

■ Defendants state that plaintiff cannot state a claim for punitive damages for unseaworthiness as a matter of law in view of the United States Supreme Court's ruling in *Miles v. Apex Marine Corp.*, 498

U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). In *Miles*, the Court held that loss of society and future earnings may not be recovered in a seaman's wrongful death and survival action, whether brought under the Jones Act, the Death on the High Seas Act ("DOHSA") or general maritime law. Although general maritime law would allow such a recovery, DOHSA and the Jones Act expressly did not allow such damages, and the Court held that uniformity would thus be compromised if judicially created maritime law allowed remedies more expansive than those allowed by federal statutes.[1]

Prior to *Miles*, Ninth Circuit case law allowed punitive damages for injury claims under general maritime law. In *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1347 (9th Cir.1987), *modified on other grounds*, 866 F.2d 318 (9th Cir.1989), *cert. denied*, 493 U.S. 871, 110 S.Ct. 200, 107 L.Ed.2d 154 (1989), a vessel capsized killing ten crew men and injuring the two survivors. The Ninth Circuit allowed punitive damages to the survivors under general maritime law. However, the court denied punitive damages to the estates of the ten deceased seamen who had brought claims based on DOHSA, the Jones Act and general maritime law. The court held that "where an action under DOHSA is joined with a Jones Act action, neither statutory scheme may be supplemented by the general maritime law or by state law." 816 F.2d at 1349. The court stated that if the rule were otherwise the estate of a deceased seaman could evade the pecuniary damage limit under DOHSA and the Jones Act by seeking recovery of punitive damages under general maritime law. *Id.*[2]

---

**1.** General maritime law is a judicially created body of law which provides a cause of action for unseaworthiness. In *Mahnich v. Southern S.S. Co.*, 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944), the Supreme Court transformed the warranty of seaworthiness into a strict liability obligation, and unseaworthiness became the "principal vehicle for recovery by seamen for injury or death." *Miles, supra*, 111 S.Ct. at 322. DOHSA created a wrongful death action for all persons killed on the high seas sounding in both negligence and unseaworthiness. *Id.* at 321. The Jones Act provides an action in negligence for the death or injury of a seaman. *Id.* at 324.

Both DOHSA and the Jones Act limit recovery to pecuniary damages. Punitive damages are therefore precluded under DOHSA and the Jones Act, yet they are allowed under the judicially created body of maritime law.

**2.** The Ninth Circuit panel in *Bergen* applied the Supreme Court's reasoning in *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), where the Court ruled that loss of society damages, though recognized under general maritime law, were precluded where the death occurred on the high seas and

The three judge panel in *Bergen* reiterated the Ninth Circuit's earlier holding that, in maritime actions that included no Jones Act claim, punitive damages were available. *Id.* at 1347 n. 1 (citing to *Protectus Alpha Navigation Co., Ltd. v. North Pacific Grain Growers, Inc.*, 767 F.2d 1379, 1385 (9th Cir.1985)). The court in *Bergen* also noted that only the Fifth Circuit had held that punitive damages are available when unseaworthiness claim is joined with a Jones Act claim, citing to *Complaint of Merry Shipping, Inc.*, 650 F.2d 622, 624–27 (5th Cir.), *reh'g denied*, 659 F.2d 1079 (5th Cir.1981).

However, in *Evich v. Morris*, 819 F.2d 256 (9th Cir.), *cert. denied*, 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987), another three judge panel of the Ninth Circuit ruled that punitive damages are recoverable under general maritime law even when the Jones Act applies. 819 F.2d at 258. The *Evich* panel did not cite to *Bergen*, but instead cited to *Merry Shipping* as authority for its holding.

Since the Supreme Court's decision in *Miles*, several district courts have determined that the reasoning in *Miles* bars punitive damage claims under general maritime law. *See In re Waterman Steamship Corp.*, 780 F.Supp. 1093 (E.D.La. 1992); *Complaint of Aleutian Enterprise, Ltd.*, 777 F.Supp. 793 (W.D.Wash.1991); *Haltom v. Lykes Bros. S.S. Co., Inc.*, 771 F.Supp. 179 (S.D.Tex.1991); *Rollins v. Peterson Builders, Inc.*, 761 F.Supp. 943 (D.R.I.1991).

In *Aleutian Enterprise*, the court determined whether punitive damages were properly recoverable by an injured crewman under general maritime law in light of Congress' decision to preclude such damages under the Jones Act and DOHSA. The court noted the ambiguity in the Ninth Circuit law with regard to the availability of punitive damages for injury claims within the scope of the Jones Act as set forth in *Bergen* and *Evich*. The court considered that this ambiguity had been resolved by *Miles*. The court stated:

was thus governed by the pecuniary damage

In *Miles*, the Supreme Court denied the availability of the general admiralty law remedy of society damages where the suit was within the scope of the Jones Act and the Jones Act provided no such remedy. The Court, applying the same reasoning as in *Higginbotham*, emphasized that federal courts sitting in admiralty should respect the pronouncements of Congress:

> The Jones Act ... precludes recovery for loss of society in this case. The Jones Act applies when a seaman has been killed as a result of negligence and it limits recovery to pecuniary loss. The general maritime claim here alleged that [the decedent] had been killed as a result of the unseaworthiness of the vessel. *It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action than Congress has allowed in cases of death resulting from negligence.* We must conclude that there is no recovery for loss of society in general maritime action for the wrongful death of a Jones Act seaman.

498 U.S. 19, ——, 111 S.Ct. 317, 325–26, 112 L.Ed.2d 275, 291 (emphasis supplied).

In the opinion of this Court, the reasoning of the *Miles* decision is inescapable in its application here. The remedies provided by Congress under the Jones Act do not encompass punitive damages. The claimants ask this Court to supplant Congress' judgment in this regard by awarding punitive damages under general maritime law. That is not the proper function of this Court within our system of governance.

777 F.Supp. at 795–96.

In *Rollins*, the district court applied *Miles* to claims brought by the estate of deceased seaman under the Jones Act and general maritime law. The court held that punitive damages were not recoverable because the Jones Act expressly disallowed punitive damages and, because DOHSA

limit of DOHSA.

precluded recovery for wrongful death under general maritime law. The court stated:

> If this court were to allow punitive damages for wrongful death pursuant to general maritime law, we would be *creating* an inconsistency. DOHSA clearly does not allow punitive damages for wrongful death, ..., on either a theory of negligence or unseaworthiness. A DOHSA plaintiff, one whose decedent died "on the high seas" is precluded from a remedy under general maritime law. A Jones Act seaman, however, is not precluded from such a general maritime recovery because unlike DOHSA, the Jones Act only provides remedies for negligence, not unseaworthiness. If Jones Act seamen could get recovery for wrongful death within coastal waters that included punitive damages, they would be allowed a remedy that is unavailable to others who die "on the high seas." Such an anomaly would fly in the face of the *Apex* Court's admonition that remedies may only be supplemented where the application will be uniform. *Apex*, 111 S.Ct. at 323.

761 F.Supp. at 949.

■ This court finds that punitive damages are unavailable to plaintiff in the present case under the general maritime law of unseaworthiness based on *Miles*. Although the *Miles* court did not directly address the question of punitive damages, it did clearly state that it was excluding non-pecuniary damages under general maritime law in a seaman's wrongful death and survival action because the Jones Act expressly limited recovery to pecuniary damages. The Supreme Court stated that by its ruling, it was "restor[ing] a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law." 111 S.Ct. at 326.

Therefore, the allowance of punitive damages in the present case would be contrary to the holding of *Miles*. The Jones Act does not allow for the recovery of punitive damages. If this court allowed a punitive damage claim under general law, it would be supplanting Congress' judgment under the Jones Act. This would be contrary to the admonition of *Miles* that courts are not to "sanction more expansive remedies in a judicially-created cause of action than Congress has allowed...." 111 S.Ct. at 325–26. Plaintiff's claim for punitive damages based on unseaworthiness of the vessel under general maritime law fails to state a claim as a matter of law, and judgment on the pleadings in favor of defendants is granted as to this cause of action.

### 2. Failure To Pay Maintenance And Cure

■ Plaintiff argues that while his punitive damage claim may be barred by *Miles*, he nevertheless has a punitive damage claim based on defendants' wilful failure to pay him maintenance and cure under *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). In *Vaughan*, the plaintiff successfully sued the owner of the vessel on which he had served for maintenance and cure. The Court held that attorney's fees incurred in order to secure the maintenance and cure award were recoverable in that case because the shipowner had been "wilful and persistent" in its failure to investigate his claim or to pay maintenance. *Id.* 82 S.Ct. at 999–1000.

The Court in *Vaughan* did not discuss punitive damages anywhere in the opinion and the focus on the wilful and persistent nature of the conduct was only in relation to the award of attorney's fees. Thus, *Vaughan* is not inconsistent with *Miles* and does not support an award of punitive damages in the present case.[3] *See also In the*

---

**3.** Prior to *Miles*, the First Circuit had held that punitive damages were recoverable for an arbitrary and capricious refusal to pay adequate maintenance under *Vaughan*. *See Robinson v. Pocahontas, Inc.*, 477 F.2d 1048 (1st Cir.1973). The Second Circuit, on the other hand, held that

in an action for maintenance and cure, an award of punitive damages is limited to recovery of attorney's fees. *See Kraljic v. Berman Enterprises, Inc.*, 575 F.2d 412 (2d Cir.1978). The parties do not cite this court to any Ninth Circuit authority which would allow or disallow

*Matter of Mardoc Asbestos Case Clusters,* 768 F.Supp. 595, 600 (E.D.Mich.1991).[4]

Accordingly, the court grants defendants' motion for judgment on the pleadings with regard to plaintiff's claim for punitive damages based on the alleged failure to provide maintenance and cure. However, the court notes that this order does not affect plaintiff's right to seek attorney's fees that would be allowable under *Vaughan.*

## CONCLUSION

Based on the foregoing, it is hereby ordered that defendants' motion for judgment on the pleadings is GRANTED IN PART AND DENIED IN PART. The motion is denied without prejudice as to the failure of plaintiff to allege ownership of the vessel; motion is granted with regard to the failure of plaintiff to state a claim for punitive damages is granted.

IT IS SO ORDERED.

punitive damages under *Vaughan.* The court, based on its own independent research, could not find any dispositive Ninth Circuit authority, however, in *Kopczynski v. The Jacqueline,* 742 F.2d 555 (1984), *cert. denied,* 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 696 (1985), the Ninth Circuit, in discussing the standard for an award of attorney's fees under *Vaughan,* stated that it agreed with the approach of the circuit courts "that have construed the scope of *Vaughan* and interpret it to allow attorney's fees only when the failure to provide maintenance and cure was arbitrary, recalcitrant or unreasonable." 742 F.2d. at 559.

**4.** The district court in *Mardoc Asbestos* held that *Miles* precluded an award of punitive damages where the plaintiffs sued under the Jones Act and general maritime law. The court also rejected plaintiffs' argument that they were entitled to punitive damages for the wilful failure to provide maintenance and cure under *Vaughan.* The court stated that *Vaughan* dealt with the right to attorney's fees based on a "wilful and persistent" wrongful denial of the right to maintenance and cure, and not with punitive damages or other deterrence, and that "*Vaughan* is neither supportive of plaintiffs' position, nor is it inconsistent with *Apex Marine.*" 768 F.Supp. at 600 n. 1.